DWIGHT K. BRAMBLETT *v.* DONNA S. LEE, BY RALPH K. LEE, HER NEXT FRIEND.

[No. 1-374A48. Filed December 30, 1974. Rehearing denied February 3, 1975. Transfer denied September 29, 1975.]

*Robert A. Zaban, Levinson, Little & Usrey,* of Indianapolis, for appellant.

*David E. Lawson, Lind, Deckard, O'Brien & Lawson,* of Danville, for appellee.

LYBROOK, J.—Respondent-appellant Bramlett appeals from a judgment in favor of petitioner-appellee Lee on her petition to establish paternity. The single issue presented for review is whether it was error to deny Bramblett's request for relief from a stipulation of paternity entered by his attorney on the day of trial.

The record reveals that about one year after Lee filed her petition, appellant's trial attorney entered his appearance and the cause was set for trial. On the day of trial Bramblett appeared at his attorney's office and it was discovered that the attorney had neglected to note the trial date on his calendar and was not prepared to litigate the matter. He then telephoned the trial judge and informed him of the situation. During that conversation he informed the judge that Bramblett admitted paternity and that only the question of medical expenses, support, and attorney's fees remained. The minutes of the trial court concerning this conversation read:

"10/25/73 Comes the petitioner in person and with counsel and counsel for respondent advises Court by phone that he had neglected to place date of trial on his calendar, but that the respondent admitted paternity and that there was only the question of medical expenses and support involved, and that the Court could find paternity of the child by stipulation of parties and respondent requested additional time to attempt to work out an agreement as to support. Upon stipulation of parties the Court now finds that the respondent, Dwight K. Bramblett, is the father of the child born to the petitioner, Donna S. Lee, on January 19, 1973 in the Hendricks County Hospital. The matter as to support, medical expenses and attorney fees is continued and is reassigned for November 16, 1973, at 3:00 P.M."

Thereafter, a hearing was held to ascertain the amount of Bramblett's liability, and judgment was entered accordingly. Bramblett attended the hearing and was represented by the same trial attorney.

About one month later Bramblett, with newly employed counsel, filed a motion to correct errors wherein he asserted *inter alia* that his former attorney had not been authorized to enter into a stipulation of paternity. From a denial of that motion, Bramblett appeals.

Appellant argues that the stipulation of paternity constituted manifest injustice in that it amounted to an agreement that judgment be taken against him. Bramblett contends that he had neither authorized his attorney to make such a binding agreement nor consented to its entry in any manner. He further argues that it was not until he employed new counsel for purposes of his motion to correct errors that he was fully advised of the ramifications of such an entry. He therefore submits that it was reversible error to refuse to grant relief from the stipulation. We cannot agree.

The question of the authority of an attorney to enter an agreement upon which judgment is rendered against his client was discussed by our Supreme Court in *Thompson* v. *Pershing* (1882), 86 Ind. 303, wherein the court stated:

"The allegation in the complaint, that the attorney of the appellant had no authority to make the agreement upon which the judgment was rendered in the original action, must be understood to mean that the appellants had not, in fact, authorized him to make the agreement. But, by employing him to appear for them in the action as their attorney, they did impliedly authorize him to make such agreement. An attorney may, without express authority, bind his client by agreement that judgment may be taken against him, and that, too, though the attorney know that his client has a good defence [sic] to said action. If he acts contrary to the express directions of his client, or to his injury, the client must look to the attorney for redress. *Hudson* v. *Allison,* 54 Ind. 215."

A similar result was reached in *Devenbaugh* v. *Nifer* (1892), 3 Ind. App. 379, 29 N.E. 923:

"There are several manifest reasons why the action of the court was right. In the first place, in the absence of any showing that the attorney had no power to appear for the

appellant, the latter is bound by the admissions of the former when made a matter of record on the minutes of the court. *Garrigan* v. *Dickey,* 1 Ind. App. 421. His employment in the cause generally gives such attorney the power to agree to an entry of judgment, and, if he violates his instructions, the client must look for redress to the attorney. *Thompson* v. *Pershing,* 86 Ind. 303."

Thus, by reason of his employment, Bramblett's attorney was impliedly authorized to enter a binding stipulation of paternity. If the entry of such stipulation was contrary to directions, Bramblett must look elsewhere for redress. We therefore find no error in the denial.

An additional argument of appellant concerns the impact of IC 1971, 34-1-60-5 (Burns Code Ed.) upon the effectiveness of the stipulation. In pertinent part, the statute as printed in Burns Code Edition reads:

> *"Authority of attorney.*—An attorney has authority, until discharged or superseded by another,
> First. To bind his client in an action or special proceeding, by his agreement, filed with the clerk entered upon the minutes of the court, and not otherwise. * * *"

Appellant contends that this statute necessitates that a stipulation be reduced to writing and filed with the clerk *and* that it be entered upon the minutes of the court in order to be binding upon the client. Bramblett argues that the present stipulation does not satisfy these requirements in that while it was entered upon the minutes of the court, it was never reduced to writing and filed with the clerk.

In resolving Bramblett's argument, we note that the statute as printed in Burns Code Edition cites as its source, Acts 1881 (Spec. Sess.), ch. 38, § 837, p. 240.

However, the language of the statute presently appearing in Burns Code Edition differs from the language of the statute as originally enacted in that the original enactment authorized an attorney to bind his client with his agreement which was *either* filed with the clerk *or* entered upon the minutes of the court;

*"Authority of attorney.*—An attorney has authority, until discharged or superseded by another,

First. To bind his client in an action or special proceeding, by his agreement, filed with the clerk, *or* entered upon the minutes of the court, and not otherwise. * * *"

There being no formal amendment to the statute since its original enactment during the special session of the 1881 Legislature, the discrepancy in its present printed form must be attributed to either an inadvertent publisher's error or Legislative oversight in the compilation of the 1971 Code. Regardless of the cause for the discrepancy, it is abundantly clear that since no formal amendment has ever been passed, the language of the statute presently existing in Burns Code Edition must defer to the language as originally enacted. See, *State ex rel. Pearcy* v. *Criminal Court of Marion County* (1971), 257 Ind. 178, 274 N.E.2d 519; and *Black* v. *State* (1972), 153 Ind. App. 309, 287 N.E.2d 354.

Thus, since the stipulation was entered upon the minutes of the court, the governing statutory guidelines have been satisfied.

There being no reversible error demonstrated, the judgment must be affirmed.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 320 N.E.2d 778.