MARY LOU WAITT *v.* MICHAEL WARREN WAITT.

[No. 2-375A52. Filed March 2, 1977.]

*Max D. Rynearson, Molly P. Rucker, Rynearson & Rumple,* of Indianapolis, for appellant.

*William E. Shields,* of Sheridan, for appellee.

## STATEMENT OF THE CASE:

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to lessen the disparity in caseloads among the districts.

Petitioner-appellant, Mary Lou Waitt (Mary), appeals from the judgment of the trial court dissolving her marriage with respondent-appellee, Michael Warren Waitt (Michael).

## FACTS:

The facts necessary for our disposition of this appeal are as follows: On August 29, 1964, Mary and Michael were married. There were two children born of this marriage. On

January 2, 1974, Mary filed a petition seeking to have her marriage with Michael dissolved. On June 13, 1974 the trial court adjudged the marriage of Mary and Michael dissolved. The pertinent portions of the judgment were as follows:

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, as follows:

1. That the bonds of matrimony heretofore existing between the Wife and Husband be and the same are hereby dissolved.

2. That the Wife is the fit and proper person to have the care, custody, and control of the parties' minor children, heretofore named, and that the Husband shall have the right to have the temporary custody of said minor children on alternate weekends beginning June 21, 1974 from 6:00 p.m. Friday evening until 6:00 p.m. Saturday evening on alternate Saturdays beginning June 29, 1974 from the hours of 9:00 a.m. until 6:00 p.m.

\* \* \*

4. That the Wife be and she is hereby adjudged the individual owner of a 1973 Pontiac Grand Prix automobile, the camper, the push lawnmower, and the furniture and household goods of the parties and that her title thereto is hereby quieted and forever laid at rest.

5. That the Husband be and is hereby adjudged the individual owner of all the rest and remainder of the property of the parties, both real and personal, and that his title thereto is hereby quieted and forever laid at rest.

\* \* \*

7. That the Wife be and is hereby awarded an alimony judgment in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00) payable as follows:

Two Thousand Five Hundred Dollars ($2,500.00) by July 1, 1974;

Two Thousand Five Hundred Dollars ($2,500.00) on or before December 1, 1974;

Two Thousand Five Hundred Dollars ($2,500.00) on or before December 1, 1975;

Two Thousand Five Hundred Dollars ($2,500.00) on or before December 1, 1976 and

Two Thousand Five Hundred Dollars ($2,500.00) on or before December 1, 1977.

\* \* \*"

Thereafter, on July 23, 1974 the trial court entered a *nunc pro tunc* decree which modified its judgment of June 13, 1974, as follows:

"It appearing to the Court that the judgment heretofore entered in the above entitled cause of action on June 13, 1974, is not a correct memorial of the judgment as rendered and announced by this Court through inadvertence and clerical error;

Now, therefore, on motion of the Husband, by counsel,

It is hereby ordered that the judgment heretofore entered by the Court in the above-entitled cause of action on June 13, 1974, be, and it is hereby corrected, nunc pro tunc, to appear of record as of June 13, 1974, to conform to the actual judgment announced and rendered by the Court by making the judgment read as follows:

\* \* \*

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, as follows:

\* \* \*

2. That the Wife is the fit and proper person to have the care, custody, and control of the parties' minor children, heretofore named, and that the Husband shall have the right to have the temporary custody of said minor children on alternate weekends beginning June 21, 1974, from 6:00 p.m. Friday evening until 6:00 p.m. Saturday evening and on alternate Saturdays beginning June 29, 1974, from the hours of 9:00 a.m. until 6:00 p.m. That the Husband shall have the temporary custody of said minor children on alternate holidays from 9:00 a.m. until 6:00 p.m., said holidays being New Years Day, Easter, Memorial Day, Independence Day, Labor Day, Thanksgiving, and Christmas, beginning with Labor Day, 1974. That in the event Husband remarries, he shall have the right to temporary custody of said minor children for a continuous two-week period during the summer upon at least one week notice to Wife.

\* \* \*

5. That the Husband be and is hereby adjudged the individual owner of all the rest and remainder of the property of the parties, both real and personal, and that his title thereto is hereby quieted and forever laid at rest, provided, however, that the Wife shall have the right to remain in the residence of the parties for sixty (60) days after which she shall vacate same.

\* \* \*

7. That the Wife be and is hereby awarded property settlement judgment in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00) payable as follows:

\* \* \*"

Following the partial denial of Mary's motion to correct errors this appeal was perfected.

## ISSUES:

1. Was a valid property settlement agreement approved by the trial court and incorporated into its decree of dissolution?

2. Did irregularities in the trial court proceedings result in Mary being denied a fair trial?

3. Did the trial court make an improper *nunc pro tunc* order?

4. Did the trial court improperly award Michael "temporary custody" of his children?

5. Did the trial court err in denying Mary attorney fees with which to perfect her appeal?

6. Did the trial court err in overruling Mary's motion to strike Michael's response to her motion to correct errors?

7. Did the trial court improperly fail to dispose of all matters within its jurisdiction?

## DISCUSSION AND DECISION:

ISSUE ONE:

Mary argues that the property settlement agreement which was negotiated between her and Michael, and which was approved by the trial court in its dissolution decree, was invalid because it was *not* in writing.

We are of the opinion that Mary is correct in her contention as far as it goes, but under the facts as they exist in the case at bar, reversible error has not been shown. IC 1971, 31-1-11.5-10 (Burns Supp. 1976) provides as follows:

"Agreements.— (a)   To promote the amicable settlement of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, *the parties may agree in writing* to provisions *for* the maintenance of either of them, *the disposition of any property owned by either or both of them* and the custody and support of their children.

(b)   In an action for dissolution of the marriage the terms of the agreement if approved by the court shall be incorporated and merged into the decree and the parties ordered to perform them, or the court may make provisions for disposition of property, child support, maintenance, and custody as provided in this chapter [31-1-11.5-1—31-1-11.5-24],

(c)   The disposition of property settled by such an agreement and incorporated and merged into the decree shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent.   .   .   ." (Our emphasis.)

This statute authorizes the parties in a divorce proceeding to enter into an agreement in an effort to amicably dispose of such matters as maintenance, property division and child custody and support. However, the statute is clear that such agreements must be in writing. By requiring that property settlement agreements be in writing the trial court will have some assurance that the parties seeking to have their marriage dissolved have carefully considered the fairness of the provisions contained therein if it should elect to adopt the agreement and order it incorporated into the decree of dissolution as authorized by section (b) of IC 1971, 31-1-11.5-10, *supra.*

If the parties elect not to enter into a written property settlement agreement, or if the trial court elects not to adopt the written property settlement agreement of the parties as its own and incorporate it into its dissolution decree, then the court must dispose of the parties' property pursuant to IC 1971, 31-1-11.5-11 (Burns Supp. 1976). This statute provides as follows:

"Disposition of property.—In an action pursuant to section 3(a) [subsection (a) of 31-1-11.5-3], the court shall

divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final disposition of property and final determination of the property rights of the parties. . . ."

It follows from what we have said that a trial court would err if it adopted an *oral* property settlement agreement and incorporated it into its decree of dissolution without considering those factors which would tend to establish that the property division was just and reasonable as required by IC 1971, 31-1-11.5-11, *supra.* This statute is not exclusive in its enumeration of factors properly to be considered by the trial court in determining how the property of the parties should be fairly divided. *Trimble* v. *Trimble* (1976), 167 Ind. App. 600, 339 N.E.2d 614, 615. Also, it would not be error for the trial court to adopt and to incorporate into its dissolution decree the oral property settlement agree-

ment reached by the parties, if after considering those factors enumerated in IC 1971, 31-1-11.5-11, *supra,* and all other considerations thought relevant, the trial court was convinced that the oral property settlement agreement truly represented a fair and reasonable division of the parties' property.

It is uncontroverted that Mary and Michael did not have a written property settlement agreement. Therefore, Mary argues that the trial court erred in incorporating their oral property settlement into its decree and order of dissolution. As we have said above, this would not have been improper if the court considered those factors enumerated in IC 1971, 31-1-11.5-11, *supra,* and thereby determined that this oral agreement truly represented a fair and reasonable division of the parties' property. The record before us does not disclose that the trial court failed to consider the fairness of the oral agreement before dividing the property as required by IC 1971, 31-1-11.5-11, *supra.* Mary and Michael agreed that the evidence would not be reported by the court reporter, nor did Mary prepare for this court a statement of the evidence as authorized by Rules of Appellate Procedure, AP. 7.2(A)(3) (c). Having failed to present any record to this court from which it could be demonstrated that the trial court abused its discretion by not making a just and fair division of their property pursuant to the mandates of IC 1971, 31-1-11.5-11, *supra,* this court will not now assume that such was the case. *Wireman* v. *Wireman* (1976), 168 Ind. App. 295, 343 N.E.2d 292, 296.

Mary also argues that the trial court erred in not making a specific finding of fact that their property settlement was fair and equitable, and made upon full disclosure, without fraud, duress or undue influence. We are of the opinion that neither IC 1971, 31-1-11.5-10 or 31-1-11.5-11, *supra,* requires the trial court to make such specific findings as argued by Mary and incorporate them into its decree. Rather, if a party believes the trial court has made an impermissible property division the proper course of action

would be for the party to challenge the court's property division claiming such to be an abuse of discretion. *Johnson* v. *Johnson* (1976), 168 Ind. App. 653, 344 N.E.2d 875, 876.

ISSUE TWO:

Mary next complains of numerous irregularities committed during the course of the trial. Mary first argues that the trial court erred in the procedure by which it entered its *nunc pro tunc* order of July 23, 1974. Specifically, she argues that the trial court erred in not giving notice to her new attorney, Max D. Rynearson. At trial, Mary was represented by Worth Castor. Mr. Rynearson did not make his formal appearance in this cause until July 25, 1974. Also, we note that the trial court was not required to give notice to the parties before correcting clerical errors, or oversights and omissions in its judgment. Ind. Rules of Procedure, Trial Rule 60 (A) provides as follows:

> "Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission *may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.* During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the court on appeal, and thereafter while the appeal is pending may be so corrected with leave of the court on appeal." (Our emphasis.)

Therefore, we find that the trial court committed no error in failing to notify Mary's new attorney, Max D. Rynearson, before entering its *nunc pro tunc* order of July 23, 1974.

Mary's argument that the trial court erred in failing to keep a record of the proceedings at trial is waived for the reason that both parties at trial agreed that the recording of testimony was unnecessary.

Mary's argument under this assignment of error that the trial court erred in not making a specific finding that the property settlement was just and reasonable, without fraud, duress or undue influence has been dealt with in a previous

part of this opinion. Also, we note that Mary has failed to demonstrate for this court how the trial court's division of the parties' property was in fact the result of any fraud, duress or undue influence.

ISSUE THREE:

Mary argues that the trial court's *nunc pro tunc* order of July 23, 1974, was improper because it "made changes of law and changes in the original ruling of the Trial Court." Mary first argues that the trial court erred in substituting the words "property settlement judgment" by its *nunc pro tunc* order of July 23, 1974, for the words "alimony judgment" found in the trial court's original decree of dissolution of June 13, 1974.

Such change would be proper if its purpose was to correct the judicial record to make it speak the truth or to record properly the judgment actually rendered by the court. *Williams* v. *State* (1954), 233 Ind. 327, 119 N.E.2d 547, 549. The trial court in ruling on Mary's motion to correct errors on December 2, 1974, found *inter-alia,* as follows:

"* * *

The property settlement, testified to by the parties and approved by the Court, provided in part that:
a   Petitioner would have the right to reside in the residence of the parties for sixty (60) days after which time she would vacate the premises, and
b   Petitioner would have judgment against respondent in the sum of $12,500.00 which judgment was to be paid according to a specified schedule.

Such judgment was never referred to as an 'alimony judgment' during the presentation of evidence by the parties or counsel or by the Court in announcing its judgment.
* * *"

Since Mary has failed to provide for this court a record which contradicts this finding, we are unable to say that the purpose of the trial court's *nunc pro tunc* order of July 23, 1974 was not to correct the record to make it accurately reflect what occurred during trial or to record properly the

judgment actually rendered by the court. *Williams* v. *State, supra.*

Additionally, Mary argues that it was error for the court by its *nunc pro tunc* order to allow her to remain in the family residence for sixty days when the original decree of dissolution did not so provide. She argues that if the original property settlement agreement between her and Michael was valid, IC 1971, 31-1-11.5-10 (c), *supra,* prevents the trial court from subsequently modifying the agreement except as provided therein. We are of the opinion that IC 1971, 31-1-11.5-10 (c), *supra,* does not prevent the trial court from correcting clerical errors or omissions from its judgment pursuant to TR. 60 (A).

ISSUE FOUR:

Mary argues that the trial court erred in its use of terminology in its original dissolution decree and in its *nunc pro tunc* order. Specifically, she objects to the trial court's use of the words "temporary custody" rather than "visitation" as provided for in IC 1971, 31-1-11.5-24 (Burns Supp. 1976).

We are of the opinion that the trial court's incorrect terminology is harmless error. TR. 61. The trial court's dissolution decree and *nunc pro tunc* order specifically delineated the times during the year when Michael would be permitted to see his children. There is no question that at all other times Mary has the right to the custody of her children without interruption from Michael, subject, however, to Michael's right to visitations as per order.

ISSUE FIVE:

Mary argues that the trial court erred in denying her petition for attorney fees on appeal. The awarding of attorney fees during dissolution of marriage proceedings, including appeal, rests within the sound discretion of the trial court and its determination of the question of attorney fees will not be reversed except upon a clear show-

ing of abuse of discretion. IC 1971, 31-1-11.5-16 (Burns Supp. 1976) ; *Flora* v. *Flora* (1975), 166 Ind. App. 620, 337 N.E.2d 846, 852. Although a hearing was held upon Mary's petition for attorney fees the evidence presented therein has not been brought before this court. Mary attempts to substitute an affidavit for the record of the proceedings on her petition for attorney fees. We are of the opinion after reviewing Mary's affidavit filed with her motion to correct errors that the trial court did not abuse its discretion in denying Mary's petition for attorney fees on appeal.

ISSUE SIX:

Mary argues that the trial court erred in overruling her motion to strike Michael's response to her motion to correct errors. Pursuant to TR. 59(D), on August 12, 1974, Mary filed affidavits in support of her motion to correct errors. Within 15 days, on August 21, 1974, Michael filed his opposing affidavits. Thereafter, on September 11, 1974, Michael filed what he denominated a "response" to Mary's motion to correct errors. After having examined this document, we are of the opinion that it is nothing more than a brief filed in opposition to Mary's motion to correct errors. TR. 59(D) does not prevent a party from filing a brief to assist the trial court in deciding what, if any, relief is appropriate in ruling upon a motion to correct errors.

ISSUE SEVEN:

Mary argues that the trial court erred in not making provision for the obligations of the parties and costs in its decree of dissolution. We are of the opinion that Mary is correct in her contention. The division of the parties' debts is an integral part of a property division within the meaning of IC 1971, 31-1-11.5-11, *supra*. Michael's answers to interrogatories indicates that as of March 1, 1974, there was a balance due on a land sale contract of $49,200.00. This land contract represented the family farm upon which both Mary and Michael lived. Ap-

parently both Mary and Michael were obligated on the purchase price. Mary has not shown to this court, nor does our examination of the record reveal, any other outstanding obligations of the parties. Therefore, it will be necessary for this case to be remanded to the trial court with directions to modify its decree of dissolution to reflect who is now responsible for the outstanding balance of the purchase price owing upon this land sale contract as required by IC 1971, 31-1-11.5-11, *supra.* Since Michael agrees to accept the assessment of costs, we further direct the trial court to assess costs against Michael.

The trial court is now given twenty days within which to complete its record as herein ordered. When the record is supplemented and corrected to comply with this order the judgment of the trial court is in all things approved and confirmed.

Affirmed in part and remanded in part.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 360 N.E.2d 268.