In re the MARRIAGE OF Stephen
GINSBERG, Appellant,

and

Dawn Elaine Ginsberg Caudle, Appellee.

No. 2–680A208.

Court of Appeals of Indiana,
Second District.

Sept. 14, 1981.

John P. Tobin, Jr., Indianapolis, for appellant.

Robert C. Levinson, Indianapolis, for appellee.

SHIELDS, Judge.

Stephen Ginsberg (Father) appeals a trial court's order delineating Dawn Elaine Ginsberg Caudle's (Mother) visitation with their four year old child. On appeal Father raises the following issues:

1. Whether the trial court's judgment entitled "Entry on Modification" was supported by sufficient evidence;

2. Whether the trial court erred in modifying a visitation order without making the findings required by I.C. 31–1–11.5–24 (Burns Code Ed., Repl. 1980); and

3. Whether the trial court erred in modifying visitation in response to a petition to modify custody.

We affirm.

The marriage of the parties was dissolved on March 17, 1978 and custody of the minor child awarded to Father. On August 24, 1979 Mother filed a verified petition for modification of decree for change of custody. After a hearing on the petition to modify, the trial court made an "Entry on Modification" in which the court found, in part:

"1. That both parents herein are caring and proper to have care, custody and control of the minor child, Ian Justin Ginsberg, age 4 years old.

2. That there has been a change in circumstances of the status of both parents in that the mother has remarried and has adequate housing and income to support the minor child; and that the father has remarried and has an adequate income and home situation [to] maintain said child.

3. That the mother's circumstances have further changed in that her present husband is in the military and has been stationed in Italy for a period of three years beginning May, 1980, and the mother and their minor child will be accompanying the stepfather.

. . . .

5. The court finds that there has not been a change of circumstances to [sic] substantial and continuing as to make the existing custody order unreasonable. That there has been a change of circumstances substantial and continuing as to make the visitation order unreasonable and to require assistance to the custodial family to adjust to the dissolution and circumstances resulting therefrom."

Hence, the trial court ordered that the "primary custody" of the minor child remain with the father, subject to the father and stepmother obtaining counseling. The mother was awarded "temporary custody" of the minor child during the months of June, July, and August of each year and the right to be with the child for two weeks at Christmas each year if possible.

## I

Father first urges that the trial court's order did not modify visitation; rather, the order modified custody by giving Mother "temporary custody" during the summer months. Father argues we should reverse the trial court's order because the appropriate finding for modifying custody was not made and because Indiana statute implicitly prohibits such "divided custody."[1]

---

1. The terms "split custody," "divided custody," and "joint custody" are subject to frequent confusion. Joint custody involves both parents sharing responsibility and authority with re-

We agree the necessary finding for modifying custody is a change in circumstances so substantial and continuing as to make the existing custody unreasonable. I.C. 31–1–11.5–22(d) (Burns Code Ed., Repl. 1980); *Whitman v. Whitman*, (1980) Ind. App., 405 N.E.2d 608. However, we hold the trial court's order was a modification of visitation and not custody. The trial court specifically found there had not been a change of circumstances so substantial and continuing as to make the existing court order unreasonable. However, the trial court found a change of circumstances substantial and continuing so as to make the *visitation* order unreasonable. These findings are a clear indication of the trial court's intent to modify visitation and not custody.[2] Furthermore, the trial court's use of the term "temporary custody" rather than "visitation" is harmless error. Ind. Rules of Procedure, Trial Rule 61, *Waitt v. Waitt*, (1977) 172 Ind.App. 357, 360 N.E.2d 268. The trial court's order specifies Mother shall have visitation in the summer and that all other times Father shall have custody of the child. No doubt Mother's living in Italy and the resultant difficulty of implementing a more traditional visitation schedule mandated a change in visitation.

It may well be that the line between visitation and divided custody becomes blurred in cases such as this where one parent moves so far in distance from the custodial parent that a traditional visitation schedule is impractical or impossible. However, here it is reasonable to conclude Mother's "temporary custody" of the child during the summer months is visitation because of her residence in Italy for a period of three years. We specifically limit this holding to the facts of this case and do not pretend to predict our ruling would be the same if the noncustodial parent lived within a reasonable proximity of the custodial parent or was absent for a shorter period of time. Clearly, it is a combination of the circumstances of this case, the finding of the trial court regarding visitation, and the prior precedent of *Waitt* which allows us to hold that Mother has visitation and not custody.

Because the trial court modified visitation and not custody, we shall not address the argument of whether Indiana statute allows or disallows divided custody.

## II

Father next argues he has been denied visitation without the finding required by I.C. 31–1–11.5–24(b) (Burns Code Ed., Repl.1980).[3] This argument has no merit. There was no prior visitation order allowing *Father* visitation which was modified, therefore there is no need for a finding that Father's "visitation might endanger the child's physical health or significantly impair his emotional development."

## III

Finally, Father argues it was error for the trial court to modify visitation when the only issue before the court was

---

spect to the children. It may involve joint "legal" custody and joint "physical" custody. Divided custody is where the child lives with each parent part of the year with reciprocal visitation privileges. In divided custody, the parent with whom the child is living has complete control over the child during that period. Split custody is the traditional sole custody arrangement with brothers and sisters divided, that is, each parent has complete full time custody of at least one child. Miller, *Joint Custody*, 13 *Family Quarterly* 345 (1979).

2. We note the proper test for modifying visitation is "best interests of the child." I.C. 31–1–11.5–24 (Burns Code Ed., 1980 Repl.) Appellants have not objected to this finding and we

hold this to be harmless error as "best interests of the child" is clearly a factor to be considered in determining a "change of circumstances so substantial and continuing as to make the prior order unreasonable."

3. I.C. 31–1–11.5–24(b) (Burns Code Ed., Repl. 1980) provides as follows:

"The Court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

modification of custody. We find no merit in this argument because inherent in a custody modification proceeding is the issue of visitation. I.C. 31–1–11.5–24(a) Thus, for example, any trial court which grants a petition to modify custody must consider the visitation rights of the now noncustodial parent. (*See also Dorsey v. Dorsey,* (1980) Ind.App., 409 N.E.2d 1233, 1235. "[C]ustody, support and visitation are always issues before the court in a dissolution proceeding when there exists a child of the parties.") Further, Father does not argue he was in any manner surprised or prejudiced by the trial court's consideration of Mother's visitation.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.