**Margaret A. EDDINGS,**
**Respondent-Appellant,**

v.

**Donald G. EDDINGS, Petitioner-Appellee.**

**No. 1–881A246.**

Court of Appeals of Indiana,
First District.

July 15, 1982.

Rehearing Denied Sept. 9, 1982.

---

Frank E. Spencer, Indianapolis, Thomas M. Dattilo, Madison, for respondent-appellant.

Charles Gregory Read, Jeffersonville, for petitioner-appellee.

ROBERTSON, Judge.

The respondent-appellant wife is appealing from the trial court's division of property in a dissolution of marriage proceeding. We reverse.

The evidence shows that the wife, prior to being represented by counsel, signed a document labeled as an "Agreement of Settlement" which purported to divide the marital estate. Later, after securing counsel to contest the dissolution, she clearly and unequivocally repudiated the document both prior to and during the trial. During the trial, the document was admitted as "a piece of paper" into evidence over objection. The dissolution decree specifically adopted and incorporated the repudiated document.

Ind.Code 31–1–11.5–10 specifies the nature of property settlement agreements. It states in appropriate part:

Agreements—(a) To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, *the parties may agree in writing* to provisions for the maintenance of either of them, the disposition of any property owned by either or both of them and the custody and support of their children (Emphasis added.)

It is readily apparent that such an agreement in writing did not exist in the form contemplated by the statute by reason of the wife's clear and timely repudiation. As a result, the alleged agreement was not eligible to be approved and incorporated into the dissolution decree.

Additionally, *Anderson v. Anderson*, (1979) Ind.App., 399 N.E.2d 391, holds that settlement agreements are not binding on the parties until approved by the court thereby lending credence to the theory that the wife was acting within her rights.

Since, under the facts of this case, an agreement did not exist, it was error, as a matter of law, for the trial court to approve it. The case is reversed and remanded for a new trial.

Judgment reversed.

RATLIFF, P. J., and NEAL, J., concur.