**Mildred Frances McCLURE,**
**Appellant (Petitioner),**

v.

**Emory Franklin McCLURE,**
**Appellee (Respondent).**

**No. 2–683A211.**

Court of Appeals of Indiana,
Second District.

Feb. 2, 1984.

Tommy L. Strunk, Indianapolis, for appellant.

Maureen E. Gaddy, Indianapolis, James C. Clark, Clark, Clark, Pappas & Quinn, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Petitioner-appellant Mildred Frances McClure (Mildred) appeals from a dissolution proceeding judgment, claiming the trial court erred in denying her petition to set aside an oral property settlement agreement which the trial court approved and incorporated into its decree, despite her repudiation of the agreement.

We reverse.

## FACTS

The facts and evidence most favorable to the judgment are as follows: On July 8, 1980, Mildred filed a petition for dissolution of marriage against Emory Franklin McClure (Emory). The case lay fallow for some time; however, on November 22, 1982, Emory answered Mildred's interrogatories detailing his financial dealings. The cause was set for a contested hearing on November 24, 1982, and after several hours of negotiation, the parties appeared in court and announced that they had reached a settlement. Mildred took the stand and testified as to her marital status, emancipated children, and other matters necessary for the court to determine if an irretrievable breakdown of the marriage had occurred.

Counsel for both parties then stipulated the terms of the agreement into the record. Mildred raised one question about the agreement, and after an apparently satisfactory answer from her attorney, she expressed her assent to the entire oral agreement. Under questioning by the court, Emory also indicated his satisfaction with the agreement.

During the hearing the court remarked to counsel, "probably you're going to reduce this Property Settlement here into writing." Counsel responded:

"[Counsel for Mildred] Oh, we're going to reduce it to writing, Your Honor. We've got to get the legal descriptions etc. ...

[Counsel for Emory] We'll make sure we get that in writing."

*Record* at 115. At the conclusion of the hearing, counsel indicated that they would immediately prepare a written agreement and decree:

"The Court: Fine. I do wish both counsel would sign it though, because I had another one in here, well all the time you get one, they don't pass it to the other counsel and all of a sudden, why, someone wants to set aside the Divorce Decree and all that so, have everybody sign it.

[Counsel for Mildred] Both counsel will sign it.

The Court: We're really in no hurry for it. Get it in the first part of next week, that's alright if everybody can sign it. Okay, thank you gentlemen."

*Record* at 117, 118. The order book entry for November 24, 1982 states, "Dissolution granted; *hold for decree and property settlement.*" *Record* at 54 (emphasis supplied).

Subsequent to the hearing, Mildred changed her mind about the terms of the agreement. On December 7, 1982, she filed a petition to set aside the oral property settlement agreement. In her petition, she alleged that she was under medical treatment for stress and "upset to the extent that she did not realize what she was

orally agreeing to on November 24, 1982." *Record* at 56. Further, she asserted that an oral agreement concerning a division of property was not binding upon her unless the court had a hearing and received and heard evidence that the terms were just and reasonable. *Record* at 56–64. On February 16, 1983, the trial court held a hearing on Mildred's petition and rejected her argument. The order book entry for that date reflects: "Motion to set aside overruled. Dissolution granted as of November 24th, 1982 affirmed and *property settlement approved as it appears in transcript.*" *Record* at 89 (emphasis supplied).

On February 23, 1983, a decree of dissolution and agreement of settlement were filed with the court. In part the decree recites, "[t]hat the Court finds *a Settlement Agreement was entered into between the parties* and said Agreement is fair and equitable. That said agreement is attached hereto and made a part hereof and marked exhibit 1." *Record* at 91 (emphasis supplied). The decree further recites, "[t]hat the Settlement Agreement of the parties is approved and the parties Ordered to carry out the terms thereof." *Record* at 92. The decree is signed and dated by the judge and signed by counsel for Emory. The accompanying agreement of settlement is signed by Emory and his attorney, signed and approved by the judge, but not signed by Mildred or her counsel.

Mildred's motion to correct error was overruled on March 28, 1983, and she appeals.

### ISSUE

Because we reverse, we need address only one issue:

Did the trial court err by approving and incorporating the oral agreement into the dissolution decree?

**1.** Because we base our decision upon Mildred's repudiation of the agreement, we need not decide what constitutes an agreement in writing

### DECISION

PARTIES' CONTENTIONS—Mildred says the trial court erred in denying her petition to set aside, premising her attack upon the court's failure to hear evidence as to whether the agreement was just and reasonable. She argues that a repudiated property settlement agreement should be set aside and the merits of the cause heard.

Emory responds that the trial court approved the dissolution and the property settlement agreement on November 24, 1982; thus, the agreement became a court order on that date. Therefore, the trial court did not approve a repudiated document; rather, Mildred merely refused to sign a written memorial of the court's existing order.

CONCLUSION—The trial court erred in approving and incorporating the oral property settlement agreement into the dissolution decree.

The salient fact in this case is that there never was a property settlement agreement in writing between the parties for the court to approve.

Ind.Code 31–1–11.5–10(a) provides "the parties may agree in writing" to the disposition of their property:

"To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, *the parties may agree in writing to provisions for* the maintenance of either of them, *the disposition of any property* owned by either or both of them and the custody and support of their children."

IC 31–1–11.5–10(a) (emphasis supplied). The plain language of this provision requires a written agreement.[1]

Once there is such an agreement between parties, it is not effective until approved by the court:

"In an action for dissolution of the marriage the terms of the agreement if approved by the court shall be incorporated

or the validity of a stipulated oral agreement. *See generally Waitt v. Waitt,* (1977) 172 Ind.App. 357, 360 N.E.2d 268.

and merged into the decree and the parties ordered to perform them, or the court may make provisions for disposition of property, child support, maintenance, and custody as provided in this chapter."

IC 31–1–11.5–10(b).

█ The simple two-step process necessary to bring a valid property settlement agreement into existence never occurred in this case. The court did not approve a property settlement agreement on November 24, 1982. The judge's comments at that hearing make the existence of *a signed agreement* a condition precedent to his approval of the agreement. Mildred repudiated the agreement on December 7, 1982 by filing her petition to set aside. However, on February 16, 1983, despite his own insistence on the presentation of a signed agreement, the judge specifically adopted the agreement reflected in the transcript of proceedings which Mildred had repudiated. This he may not do. Mildred's right to repudiate before the two-step process is complete has been upheld by this court.

In *Eddings v. Eddings,* (1982) Ind.App., 437 N.E.2d 493, *trans. denied,* the wife signed a written settlement agreement prior to representation by counsel. Upon obtaining counsel, she repudiated the property settlement, both before and at trial; however, the court specifically adopted and incorporated the repudiated document. The first district reversed the trial court's action in light of the express language of IC 31–1–11.5–10(a) requiring an agreement in writing and the fact that an agreement is not binding until it has been approved by the trial court.

We need not elaborate further, but would emphasize that our decision is grounded solely on error by the trial court in approving an agreement that was timely repudiated.

The judgment is reversed, and this cause is remanded with instructions to conduct further proceedings consistent herewith.

SHIELDS, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur solely because Mildred McClure repudiated the property settlement agreement before it had been incorporated into the decree. I disagree with the majority to the extent that it ignores the stipulation concerning the property settlement.

While the agreement may not have been reduced to writing in a separate document and signed by the parties as well as by counsel, the agreement became binding upon the parties when it was stipulated into the record. *Bramblett v. Lee* (1st Dist.1974) 162 Ind.App. 654, 320 N.E.2d 778, *cert. denied,* 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976); *see American White Bronze Co. v. Clark* (1890) 123 Ind. 230, 23 N.E. 855.