**In the Matter of the PATERNITY OF K.J.L.,**

**Debra J. Louis, Appellant–Petitioner,**

**v.**

**Nathan E. Kenseth, Appellee–Respondent.**

No. 02A03–9909–JV–355.

Court of Appeals of Indiana.

March 17, 2000.

Joshua I. Tourkow, Tourkow Crell Rosenblatt & Johnston, Fort Wayne, Indiana, Attorney for Appellant.

Robert W. Eherenman, Suzanne M. Hampton, Haller & Colvin, Fort Wayne, Indiana, Attorney for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Debra Louis ("Mother") appeals the trial court's order determining the issues of the modification of child custody, child support, and visitation. Mother raises one issue, which we restate as whether the trial court erred in determining that the oral settlement agreement regarding the modification of custody, support, and visitation, which the parties recited to the trial court while under oath, but which Mother repudiated before the agreement was approved by the court, was an enforceable agreement. We reverse and remand.

The relevant facts follow. In 1990, Mother filed a petition to establish paternity of the minor child, K.J.L. Nathan Kenseth ("Father") was determined to be the biological father, and the initial issues concerning custody, support, and visitation were established by court order. Then, in 1997, Father filed an emergency petition for modification of custody. Finding that a possibility of physical endangerment to the child existed, the trial court awarded Father temporary custody of K.J.L. An evidentiary hearing on the issues surrounding the modification of custody, visitation, and support was scheduled for October 29, 1998. However, prior to the presentation of evidence, the parties advised the trial court that they had reached an agreement with respect to the outstanding contested issues. The parties recited this agreement in open court and the trial court reiterated the agreement. Thereafter, the trial court placed Mother and Father under oath and asked them if the agreement announced in court was the full and complete agreement they had reached. Both parties answered in the affirmative. The trial court then directed the parties to prepare and submit their agreement in writing for the trial court's review and approval. No other evidence was heard.

Following the hearing, Father prepared a stipulation for agreed entry which memorialized their agreement, but Mother, now represented by counsel other than her counsel at the time of making the agreement, refused to sign it. Mother subsequently filed a notice of repudiation

indicating her intention to repudiate the previous agreement concerning custody, visitation, and support, alleging that the agreement was not in K.J.L.'s best interest, and requesting that the trial court not approve the same. Another hearing was held on August 2, 1999, and the trial court, finding that the agreement previously recited in court by the parties under oath was an enforceable agreement, issued an order that approved the agreement as set forth in the record and changed custody from Mother to Father.

■ At the outset, we note that the legislature has treated the issues of child custody, support, and visitation somewhat differently depending upon whether the issues arise in the context of a dissolution proceeding or a paternity action.[1] While the statutes relating to paternity and dissolution are substantially similar, there are wording variations between them that may be significant, resulting in differing outcomes depending upon the type of proceeding involved. *See e.g., Taylor v. Buehler,* 694 N.E.2d 1156, 1159 (Ind.Ct.App. 1998), *trans. denied,* 706 N.E.2d 169 (noting that the requirements for modifying visitation are more stringent in dissolution contexts than in paternity contexts). Nevertheless, the underlying principle behind both the paternity and dissolution statutes is the same: the best interest of the child. Therefore, a case involving child custody, support, or visitation that arises in the dissolution context may be instructive and authoritative in a case that arises in the paternity context, and vice-versa, to the extent that the case is not specifically affected by differences in the statutes relating to dissolution and paternity.

■ The instant case arises out of a paternity action. Ind.Code § 31–14–13–6 provides that a trial court "may not modify a child custody order unless (1) modification is in the best interests of the child; and (2) there is a substantial change in one ... or more of the factors that the court may consider...." Ind.Code § 31–14–13–6. The factors that the trial court may consider consist of: (1) the age and sex of the child; (2) the wishes of the child's parents; (3) the wishes of the child; (4) the interaction and interrelationship of the child with his/her parents, siblings, and any other person who may significantly affect the child's best interest; (5) the child's adjustment to home, school, and community; (6) the mental and physical health of all individuals involved; and (7) evidence that the child has been cared for by a de facto custodian. Ind.Code § 31–14–13–2. When the trial court enters an order modifying custody, such decision is afforded great deference on appeal, and our review is limited to determining whether the trial court abused its discretion. *Mundon v. Mundon,* 703 N.E.2d 1130, 1134 (Ind.Ct.App.1999). Accordingly, we consider only the evidence that supports the trial court's decision, and we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

In this case, the parties represented to the trial court at the October 29, 1998 hearing that they had resolved all disputes regarding the modification of custody, visitation, and support between themselves. Not having yet drawn up a written agreement, the parties orally recited the terms of the agreement to the court. In response, the trial court ordered the parties "to prepare and submit a Stipulation for the Court's review *and approval.*" Record, p. 10 (emphasis added). From this it is clear that the trial court did not approve the agreement that day. By the time that

---

1. In a dissolution context, custody issues are determined under Ind.Code §§ 31–17–2–8 and 31–17–2–21, visitation issues are determined under Ind.Code §§ 31–17–4–1 and 31–17–4–2, and support issues are determined under Ind.Code §§ 31–16–6–1 and 31–16–8–1. In a paternity context, however, custody issues are determined under Ind.Code §§ 31–14–13–2 and 31–14–13–6, visitation issues are determined under Ind.Code §§ 31–14–14–1 and 31–14–14–2, and support issues are determined under Ind.Code §§ 31–14–11–2 and 31–14–11–8.

the trial court did enter an order which incorporated the parties' agreement, Mother had already repudiated the agreement.

■ Mother argues that because she had expressly repudiated the agreement prior to the court approving it, the court had no authority to simply incorporate the oral agreement into a court order without holding a hearing and taking evidence. Father, on the other hand, argues that the parties reached a legally binding agreement on October 29, 1998, when they recited their agreement under oath in open court, and that the "sole purpose of the Trial Court's request that a written stipulation be submitted by the parties was .... to transform the parties' settlement agreement on modification into an agreed order of the court." Appellee's Brief, pp. 11–12.

In support of her position, Mother cites *McClure*, a similar case, albeit involving the disposition of property in a dissolution case. *McClure v. McClure*, 459 N.E.2d 398 (Ind.Ct.App.1984). In *McClure*, the parties to a dissolution proceeding reached an oral agreement concerning the disposition of property shortly before the final hearing. *Id.* at 399. During the hearing, the parties stipulated the terms of the agreement into the record. *Id.* The trial judge requested that the agreement be reduced to writing and signed by the parties before he would incorporate it into the dissolution decree. *Id.* Subsequent to the hearing, the wife changed her mind about the terms of the agreement and filed a petition to set aside the oral property settlement agreement. *Id.* The trial court overruled wife's motion to set aside and then approved the property settlement as it appeared in the transcript. *Id.* at 400. We reversed the trial court and held that it erred in approving and incorporating the oral property settlement agreement into the dissolution decree. *Id.* In doing so, we noted that the trial judge had made the existence of a signed agreement a condition precedent to his approval of the agreement and that the wife had timely repudiated the agreement because she did so before it had been approved by the court. *Id.* at 401.

As in *McClure*, the trial judge here expressly directed the parties to "prepare and submit a Stipulation for the Court's review and approval" before she would incorporate it into her order. Record, p. 10. Moreover, Mother unequivocally repudiated the agreement prior. to the trial court's approval of it, just as occurred in *McClure*. *McClure* is clear support for holding that the trial judge in this case also erred by adopting the agreement that Mother had specifically repudiated.

■ Father attempts to distinguish *McClure* by the fact that it was a case involving a property settlement agreement between a husband and wife and did not address issues of custody, support, and visitation modification. Specifically, Father urges that the statute governing agreements in the dissolution context in effect at the time *McClure* was decided differs substantially from the statutes currently governing support and custody modification hearings because the latter do not give the trial court the discretion to reject the parties' agreement. Father's arguments, however, are without merit. When custody, support, or visitation issues are being determined, the best interests of the child are the primary consideration. *See Keen v. Keen*, 629 N.E.2d 938, 941 (Ind.Ct.App.1994). Though the wishes of the parent are to be given great weight, it is the duty of the trial court to determine if any agreement is in the best interests of the child. *Id.* at 940. Therefore, no agreement between parties that affects custody, regardless of whether it is in the first instance or upon modification, is automatically binding upon the trial court. *See id.* (holding that parent's custody or visitation agreement, while entitled to great weight, is not binding on the trial court if there is a clear basis for finding that the agreement is contrary to the best interests of the child).

■ Father continues, arguing that Mother's "appeal ignores entirely the recent Indiana case law pertaining to the enforceability of oral settlement agreements" and asserts that the *Silkey* case is "dispositive" of her appeal. *Silkey v. Investors Diversified Serv., Inc.*, 690 N.E.2d 329 (Ind.Ct.App.1997), *reh'g denied, trans. denied* 706 N.E.2d 165; Appellee's Brief, pp. 9, 11. When investors sued a securities brokerage and its registered representative in *Silkey*, the trial court ordered the parties to mediation. *Id.* at 331. The mediation resulted in an oral settlement agreement, but the investors later refused to sign the written agreement. *Id.* The trial court held, and we affirmed, that the oral agreement was enforceable. *Id.* at 334. We first note that we do not see how *Silkey*, a case arising from an investment gone awry and involving the interpretation of the Rules of Alternative Dispute Resolution, could be dispositive of this appeal involving child custody issues. Moreover, this is not a case where "the parties reached a legally binding agreement," as urged by Father. Appellee's Brief, p. 11. While we acknowledge that the courts of this state have always encouraged parties to enter into agreements settling their own affairs, agreements pertaining to the support and custody of children are of a different character and will not be deemed effective unless, and until, they are approved by the court. *See Voigt v. Voigt*, 670 N.E.2d 1271, 1278 n. 10 (Ind.1996) (noting that the principles behind enforcing settlement agreements cannot apply to child custody and support provisions of proffered settlement agreements because of the overriding policy concern of protecting the welfare and interests of children); *Mundon*, 703 N.E.2d at 1134 (holding that a provision in a divorce settlement agreement that called for an automatic change of custody on the happening of an event was unenforceable because the legislature and public policy dictate that the trial court must play a role when issues of custody and support of children are at issue).

Accordingly, we hold that the trial court erred in determining that the oral settlement agreement regarding the modification of custody, support, and visitation was an enforceable agreement and in adopting said agreement in its order after Mother had repudiated the agreement and without holding a hearing. *See McClure*, 459 N.E.2d at 401. The judgment is reversed, and this cause is remanded for further proceedings consistent herewith.

Reversed and Remanded.

RILEY, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

The majority holds that (1) an agreement (2) freely reached (3) by competent parties (4) represented by able counsel (5) following an extended time for discovery and negotiations which is (6) placed of record in open court and (7) stipulated to by counsel and (8) by the parties themselves under oath (9) can be unilaterally rescinded (10) by either party (11) without cause or consequence. I believe such a holding is neither good policy, nor good practice, but rather elevates form over substance, procedural vagaries over just outcomes. As a result, the custody, visitation and support for a minor child remain in legal limbo after more than two years.

The parties had their day in court. They chose to use that day to place their agreement regarding custody, visitation and support for their minor child of record. That day came after ten months of discovery and a neutral psychological and custody evaluation stipulated to by the parties and ordered by, and filed with, the court. Both parties confirmed their agreement under oath on questioning by the trial judge.

For the foregoing reasons, I believe the trial court acted within its discretion in

entering its order of modification based upon the parties' agreement of record. For the same reasons, I also believe that we should reject the holding of another panel of this court in *McClure v. McClure*, 459 N.E.2d 398 (Ind.Ct.App.1984). I would affirm the trial court's order in all respects.