**In re the Marriage of Dawn Marie AKERS, Appellant–Petitioner,**

v.

**Okey AKERS, III, Appellee–Respondent.**

No. 46A05–0601–CV–29.

Court of Appeals of Indiana.

June 27, 2006.

Stephen A. Kray, LaPorte, IN, Attorney for Appellant.

Cassandra Hine, Knox, IN, Attorney for Appellee.

### OPINION

VAIDIK, Judge.

#### Case Summary

Dawn Akers ("Wife") appeals the trial court's order modifying the custody, child

---

support, and parenting time arrangements between her and Okey Akers, III ("Husband"). We find that the trial court erred in adopting an alleged settlement agreement between the parties because Wife repudiated the agreement before it was presented to the trial court in writing or recited on the trial court record, as required by Indiana Code § 31–15–2–17. We therefore reverse the judgment of the trial court and remand this cause for an evidentiary hearing on Husband's petition to modify.

### Facts and Procedural History

Wife and Husband divorced on May 24, 2000. On November 12, 2004, Husband filed a petition to modify child custody, child support, and parenting time. Over the next year, the parties conducted discovery and apparently worked toward settling the dispute. Then, on November 29, 2005, Wife and Husband appeared in court, represented by counsel, having reached an agreement. Instead of going into the courtroom, the parties, the attorneys, and the judge went to the judge's chambers to discuss settlement. Though the parties never put anything on record that day, the trial court made the following entry in the Chronological Case Summary: "Cause submitted on [Husband's] Petition to Modify. Court issues Provisional Orders. Order Per Form. [Husband's attorney] to prepare Form of Order. Court will review the affect [sic] of the Provisional Order at the end of the present school year." Appellant's App. p. 4. There is no indication in the record before us that the court actually issued any written order at that time.

Just a few days later, on December 5, 2005, Wife, apparently upset with events that transpired after the November 29, 2005, discussion in the judge's chambers, filed a motion in which she asked the trial court to "disallow," "rescind," and "reject"

the agreement and to "schedule a hearing on the merits to resolve the change of custody issue." *Id.* at 18–19. The trial court set a hearing for January 13, 2006. One week before the scheduled hearing, on January 6, 2006, Wife filed another motion, captioned "Wife's Verified Notice of Agreement Repudiation," again informing the trial court that she wished to repudiate the agreement. Husband then submitted a proposed order, to which Wife objected. The parties appeared in court as scheduled on January 13, 2006, and went on the record. The trial judge asked Wife if she had any objection to the court signing Husband's proposed order, and Wife's attorney responded that she had repudiated the agreement after the meeting in the judge's chambers. The trial judge signed the order over Wife's objection and entered it as the order of the court. Wife now appeals.

### Discussion and Decision

On appeal, Wife argues that the trial court erred in approving the alleged settlement agreement between the parties because Wife had already repudiated it. In response, Husband contends that the trial judge's signature of the proposed order on January 13, 2006, was merely a formality because the judge had already approved it during the meeting in his chambers on November 29, 2005. For the reasons detailed below, we agree with Wife that the trial court's order must be reversed.

Although neither party cited it, we are guided by Indiana Code § 31–15–2–17, which provides, in pertinent part:

(a) To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, *the parties may agree in writing* to provisions for:

(1) the maintenance of either of the parties;

(2) the disposition of any property owned by either or both of the parties; and

(3) *the custody and support of the children of the parties.*

(b) In an action for dissolution of marriage:

(1) the terms of the agreement, if approved by the court, shall be incorporated and merged into the decree and the parties shall be ordered to perform the terms; or

(2) the court may make provisions for:

(A) the disposition of property;

(B) child support;

(C) maintenance; and

(D) custody;

as provided by this title.

(Emphases added). The policy behind this statute, i.e., promoting amicable settlements of disputes that arise in divorce proceedings, applies equally to dissolutions in the first instance and later petitions for modification. *See Mundon v. Mundon,* 703 N.E.2d 1130, 1134 (Ind.Ct.App.1999) (citing statute in child custody modification context).

This Court has concluded that the statute envisions a "simple two-step process necessary to bring a valid ... settlement agreement into existence[.]" *McClure v. McClure,* 459 N.E.2d 398, 401 (Ind.Ct.App. 1984) (addressing Indiana Code § 31–1–11.5–10 (repealed by P.L. 1–1997, § 157), the predecessor to Indiana Code·§ 31–15–2–17, in context of property settlement agreement). First, the plain language of the statute requires a written agreement. *Id.* at 400. Second, "once there is such an agreement between the parties, it is not effective until approved by the court[.]" *Id.*

Addressing the importance of the writing requirement under the predecessor to Indiana Code § 31–15–2–17, this Court has stated:

By requiring that [ ] agreements be in writing the trial court will have some assurance that the parties seeking to have their marriage dissolved have carefully considered the fairness of the provisions contained therein if it should elect to adopt the agreement and order it incorporated into the decree of dissolution as authorized by [the statute].

*Waitt v. Waitt,* 172 Ind.App. 357, 362, 360 N.E.2d 268, 272 (1977) (discussing I.C. § 31–1–11.5–10 (repealed 1997) in the context of a property settlement agreement). There are other strong policy reasons supporting the requirement that agreements be in writing, including: (1) ensuring the enforceability of agreements; (2) facilitating agreements that result from mutual assent; (3) achieving complete resolution of disputes; and (4) producing clear understandings that the parties are less likely to dispute or challenge. *Vernon v. Acton,* 732 N.E.2d 805, 810 (Ind.2000) (discussing value of written agreements in context of Indiana Alternative Dispute Resolution Rules). This Court has held that until an alleged agreement exists in the written form contemplated by now-Indiana Code § 31–15–2–17, the agreement is not eligible to be approved and incorporated into the trial court's dissolution decree. *Eddings v. Eddings,* 437 N.E.2d 493, 494 (Ind.Ct.App.1982). We must first determine, then, whether Wife and Husband ever entered into a written agreement.

We believe that the writing requirement of Indiana Code § 31–15–2–17 can be satisfied in two ways. First, and most obviously, the parties can produce and sign a written document containing the terms of their agreement. The second way was suggested by Judge Sullivan, writing in

concurrence in *McClure.* He wrote: "While the agreement may not have been reduced to writing in a separate document and signed by the parties as well as by counsel, the agreement became binding upon the parties when it was stipulated into the record." *McClure,* 459 N.E.2d at 401 (Sullivan, J., concurring). We agree with Judge Sullivan that the writing requirement of Indiana Code § 31–15–2–17 can be satisfied by orally stipulating the terms of the settlement agreement into the court record. The parties themselves, their attorneys, or the trial court can recite the terms of the agreement in open court, and the parties can then acknowledge, under oath, their assent to those terms. Placing the agreement on the trial court record by way of a voice recording and/or the court reporters' transcript is tantamount to composing a written settlement document in that both procedures produce tangible proof of the terms of the agreement.[1] Under Indiana Code § 31–15–2–17, until the parties' agreement is memorialized either in writing or on the trial court record, there is nothing for the trial court to approve, and either party is free to repudiate the alleged agreement. *See Eddings,* 437 N.E.2d at 494.

In this case, the parties' agreement was neither presented to the trial court in written form nor orally recited in open court. By the time Husband's attorney presented the agreement to the trial court on January 10, 2006, Wife had already repudiated it. Therefore, there was nothing for the court to approve, *see id.,* and we must reverse the court's decision to incorporate the alleged agreement into its modification order. We remand with instructions for the trial court to hold an evidentiary hearing on Husband's petition to modify custody, child support, and parenting time.

Reversed and remanded with instructions.

DARDEN, J., and RILEY, J., concur.

---

1. This option of satisfying the writing requirement of Indiana Code § 31–15–2–17 is also consistent with trial court practice, in which it is common for the judge to request that the parties reduce to writing an agreement

reached in court. *See, e.g., McClure,* 459 N.E.2d at 399; *see also In re Paternity of K.J.L.,* 725 N.E.2d 155, 156 (Ind.Ct.App. 2000).