## WAIT v. VAN DEMARK et al.

(*Supreme Court, General Term, Third Department.* September 24, 1888.)

REFERENCE—REFUSAL TO VACATE ORDER—EFFECT.

    A motion to vacate an order of reference on the ground of irregularity in its entry having been denied, and no appeal having been taken from the order denying it, that order stands as the law of the case; and a later order, appointing a new referee, the one first named having died, must, on an appeal taken on the same grounds, be affirmed.

Appeal from special term.

Action by William Wait against William Van Demark, Lawrence Van Demark, and Cornelia Van Demark, executors of Sylvester Van Demark, deceased, on a claim against the estate of the testator. After an order referring the claim had been made, defendants moved to set it aside, as being made

without jurisdiction, on the ground that the approval of the surrogate therein recited, of the agreement to refer, had not at that time been made; and also moved to set aside the approval by the surrogate, which was given after the reference had commenced, on the grounds that the executor who signed the consent had no authority to do so for the other executors, and that whatever consent had been given had been revoked. This motion was denied. The action was tried by the referee, but, before the summing up, he died; and plaintiff moved for the appointment of a new referee, which was opposed on the same grounds alleged for setting aside the previous order. From the order appointing a new referee the defendants appeal.

*Edgar T. Brackett,* for appellants. *L'Amoreaux & Dake,* (*C. C. Lester,* of counsel,) for respondents.

PER CURIAM. The order of Judge BOCKES, denying the motion to vacate the order of reference, was not appealed from, and therefore stands as the law of the case. So standing, it follows that the order appealed from must be affirmed, with $10 costs, and printing disbursements.