gust 1, 1914. After August 1, 1914, the bond was discharged by operation of law.

The defendant raised several other questions, but it is unnecessary for the court to pass upon them, as the court is of the opinion that there was no breach of the undertaking, as there was no escape.

There should be judgment for the defendants, dismissing the complaint upon the merits.

_____

(87 Misc. Rep. 468)

### In re HOLLAND.

(Surrogate's Court, Westchester County. November, 1914.)

REFERENCE (§ 24*)—"AGREEMENT IN WRITING"—SUFFICIENCY TO CONFER JURISDICTION—ACCOUNTS OF EXECUTRIX.

A stipulation by the parties to a contested claim, entered on the minutes of a referee appointed by a surrogate to determine all questions on the settlement of the accounts of an executrix, consenting that the same be referred for trial in a proceeding before the referee with the same effect as though an action had been brought directly against the executrix, and that the testimony already taken be considered as taken under such stipulation, though not a consent, under Code Civ. Proc. § 1822, is a sufficient "agreement in writing," within section 2718, authorizing reference on a consent agreement in writing, to give the referee jurisdiction, and surrogate's approval of such consent, on motion to confirm the referee's report, is sufficient to bring the matter within such statute.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 44–47; Dec. Dig. § 24.*]

Judicial settlement of the accounts of Alice M. Holland, as executrix of the last will and testament of Arthur G. Holland, deceased. Referee's report confirmed.

Crescens Hubbard, of White Plains, for executrix.

Henry T. Stetson, of New York City, for Sarah E. Gill.

Collin, Wells & Hughes, of New York City, for Anna M. Begent and Frank A. Begent.

SAWYER, S. The executrix in this proceeding filed a petition for an accounting. Objections were filed to said account, and a referee was appointed to examine the same and to hear and determine the questions arising upon the settlement of said account. All of the attorneys in the matter asked in open court that the referee hear and determine all claims. The hearing was brought on before the referee, and the following stipulation was entered upon the minutes of said hearing:

"It is consented by both parties that the claim of Frank E. Begent be referred to Arthur I. Strang, Esq., referee, for trial in this proceeding, that the same shall be in effect as though an action had been brought directly by Frank E. Begent against the executrix, and that the testimony which has already been taken under this claim be considered as taken under this consent."

Acting upon the stipulation, the referee has heard and determined the said claim of Frank E. Begent, and the matter is now brought on

before me for confirmation of said report. The attorney for the executrix opposes the confirmation of said report upon the ground that there was not a written consent filed by the parties with the surrogate.

There are two ways in which a claim can be tried in a Surrogate's Court. Under the provisions of section 1822 of the Code of Civil Procedure the surrogate himself may hear and determine a contested claim where a written consent has been filed by the parties with the surrogate. The only other way that a contested claim may be tried and determined is agreeably to the provisions of section 2718 of the Code of Civil Procedure. Under this section, if the executor or administrator doubts the justice of any such claim, he may enter into an agreement in writing with the claimant to refer the matter in controversy to one or more disinterested persons to be approved by the surrogate. On filing such agreement and approval in the office of the clerk of the Supreme Court in the county in which the parties, or either of them, resides, an order shall be entered by the clerk referring the matter in controversy to the person or persons so selected. On the entry of such an order the proceeding shall become an action in the Supreme Court.

It is obvious that an agreement has never been entered into by the parties agreeable to section 1822 asking the surrogate to hear and determine the claim in question. I do think, however, that a sufficient consent has been filed by the parties to give the referee jurisdiction to hear and determine this claim. Certainly the stipulation filed by the parties before the referee during the hearing of the proceeding was a consent in writing. Admittedly there is no written approval of this consent in writing by the surrogate. However, I think that such consent may be now approved by the surrogate. Such approval at this time will be sufficient to bring the matter within the provisions of section 2718 of the Code of Civil Procedure. This practice seems to have been followed in the case of Wait v. Vandemark, 49 Hun, 612, 2 N. Y. Supp. 265.

The referee's report is in all respects confirmed.

Decreed accordingly.