PER CURIAM.
 

 The district court reversed a judgment of the bankruptcy court and held that the obligation of Prussel to hold Stout, his wife, harmless from a Small Business Administration (SBA) loan was an obligation for and in the nature of support and therefore non-dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). We conclude that the bankruptcy judge was within his discretion in granting Prussel a discharge for this obligation and therefore reverse.
 

 Prussel’s obligation arose from a property settlement agreement which was incorporated into the Interlocutory Judgment of Dissolution of Marriage. The effect of sub-paragraph 7 of the property settlement agreement was that Stout took the family residence subject to the existing encumbrances and held Prussel harmless from liability thereon while Prussel took the pharmacy business and held Stout harmless on the SBA loan that had been obtained by them jointly to finance that business. Since the family residence constituted part of the security for repayment of the SBA loan, Stout became obligated by the settlement agreement to remove the SBA lien as soon as possible. Prussel filed a petition in bankruptcy wherein he sought to discharge his obligation to hold his wife harmless and remove the SBA lien.
 

 Title 11 U.S.C. § 523(a)(5) provides that obligations to a spouse for alimony, maintenance, or support are not dischargeable in bankruptcy. However, under section 523(a)(5)(B), such debts are non-dischargea-ble in bankruptcy only if they are “actually in the nature of alimony, maintenance, or support.” Prior to enactment of the Bankruptcy Code of 1978, courts uniformly applied state law to determine whether an obligation was in the nature of alimony, maintenance, or support.
 
 E.g., In
 
 re
 
 Albin,
 
 591 F.2d 94 (9th Cir. 1979);
 
 In
 
 re
 
 Waller,
 
 
 *861
 
 494 F.2d 447 (6th Cir. 1974). However, in enacting the Code, Congress dictated that this determination should be made by application of federal rather than state law. H.R.Rep.No.595, 95th Cong., 2d Sess., 364,
 
 reprinted in
 
 1978 U.S.Code Cong.
 
 &
 
 Ad. News 5787, 6320. However, Prussel argues that state rather than federal law should be applied in this particular case because the Code did not become effective until approximately five months after his petition in bankruptcy was filed. We need not decide this issue, however, as we conclude that the result here would be the same under either California or federal law.
 

 It has long been the rule in this circuit that the right to a discharge in bankruptcy is left to the sound discretion of the bankruptcy court. An appellate court will not interfere except in a case of gross abuse of discretion.
 
 Tenn v. First Hawaiian Bank,
 
 549 F.2d 1356, 1357 (9th Cir.) (per curiam),
 
 cert. denied,
 
 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977);
 
 Briskin v. White,
 
 296 F.2d 132, 135 (9th Cir. 1961). The bankruptcy judge looked solely at the property settlement agreement as a whole and determined that Prussel’s obligation to hold Stout harmless from any liability resulting from the SBA loan and lien was in the nature of a property settlement and therefore dischargeable in bankruptcy. Viewing the agreement as a whole, we cannot say that such a conclusion constitutes a gross abuse of discretion.
 

 The specific subparagraph obligating Prussel to hold Stout harmless on the SBA loan begins with the words “[t]o equalize the division of community property.” The district judge recognized that he was not required to accept the description or designation of items by the parties in a settlement or decree as conclusive of the question of whether the obligation was in the nature of support or settlement of property.
 
 Goggans v. Osborn,
 
 237 F.2d 186, 189-90 (9th Cir. 1956). However, in this case the bankruptcy judge found the sub-paragraph to be exactly what it purported to be, a property settlement provision. He observed that the property settlement agreement made adequate provision for spousal support and child support in separate and distinct subsections. Further, the provision for spousal support limits the payments for the time period specified in the decree and states that such payments “shall immediately cease upon death, remarriage, order of court or cohabiting with a person of the opposite sex.” There were no such limitations with respect to the division of community property outlined in subpara-graph 7. A significant factor in determining whether a provision is actually in the nature of maintenance or support is whether there are other provisions in the agreement separate and distinct from the provision in question which are designated as support payments and which terminate at a specific date or upon a specific event.
 
 See In re Smith,
 
 436 F.Supp. 469, 474-75 (N.D.Ga.1977);
 
 In re Ingram,
 
 5 B.R. 232, 235 (Bkrtcy.N.D.Ga.1980);
 
 In re Francisco,
 
 1 B.R. 565, 567-68 (Bkrtcy.W.D.Va.1979);
 
 Tropp v. Tropp,
 
 129 Cal.App. 62, 65, 18 P.2d 385, 386 (1933). It has also been held that in order for an obligation to be non-dis-chargeable it must be payable directly to the spouse rather than to a third party as in the present case.
 
 See In re Daiker, 5
 
 B.R. 348, 352 (Bkrtcy.D.Minn.1980). Also significant is that the obligation in question was “initially incurred as [an] incident[] of the marriage relationship” and was incurred “by both the husband and wife.”
 
 Id.
 

 We acknowledge that in other situations Prussel’s obligation to hold his wife harmless on the SBA loan securing the family residence might be considered non-dis-chargeable despite the existence of separate and distinct support provisions in the property settlement agreement.
 
 See, e.g., In re Warner,
 
 5 B.R. 434 (Bkrtcy.D.Utah 1980).
 
 See also Poolman v. Poolman,
 
 289 F.2d 332, 335 (8th Cir. 1961). However, as we do not disturb a dischargeability ruling by a bankruptcy judge unless it is “a gross abuse of discretion,” and since there is authority supporting the bankruptcy judge’s determination that Prussel’s obligation under subpar-agraph 7 was not in the nature of alimony, maintenance, or support, we conclude that
 
 *862
 
 it was error for the district court not to affirm the judgment of the bankruptcy court.
 

 REVERSED.