**In re James P. DOYLE, Debtor.**

**Kathleen NIERMEYER, Appellant,**

**v.**

**James P. DOYLE, Appellee.**

**BAP No. NC–86–1277 EVMo.**
**Bankruptcy No. 5–85–02576–A.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and submitted on Oct. 31, 1986.

Decided Dec. 9, 1986.

Gerard D. Launay, Bankruptcy Law Center, Berkeley, Cal., for appellant.

Philip Bluer, San Jose, Cal., for appellee.

Before ELLIOTT, VOLINN, and MOOREMAN, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

Niermeyer appeals from an order dismissing her complaint seeking a declaration that the debtor's liability to her was not dischargeable under 11 U.S.C. Section 523(a)(5). Niermeyer obtained a non-marital support judgment in state court at the termination of a lengthy relationship with Doyle. The bankruptcy judge found that it was not the intent of Congress that non-marital support, or "palimony," be included under section 523(a)(5) as a nondischargeable debt. We affirm.

## FACTS

Kathleen Niermeyer and James Doyle lived together for five years. Niermeyer alleges that she "rendered services to [Doyle] in the typical married fashion as sexual partner, homemaker, and cook." The parties never married.

Niermeyer and Doyle lived with her four children in the house that she owned. Niermeyer alleges that Doyle induced her to take out several loans, including a $50,000 second mortgage on her house. Doyle used the money for his business. Niermeyer claims he promised to make the payments on the second mortgage.

At the end of the relationship, Niermeyer sued Doyle in the Alameda County Superior Court for quasi-marital support. On January 18, 1983, the parties entered a stipulated judgment in this action. This judgment provides in part that Doyle will continue to make the $796.23 second mortgage payment each month. Doyle now seeks to discharge this judgment in his bankruptcy case.

The bankruptcy judge dismissed the complaint under Fed.R.Civ.Pro. 12(b)(6), incorporated in Bankruptcy Rule 7012 (dismissal for failure of the pleading to state a claim upon which relief can be granted).

■ Dismissal for failure to state a claim is a ruling on a question of law and is subject to *de novo* review. In reviewing dismissal for failure to state a claim, we must accept all material allegations in the complaint as true and construe them in the light most favorable to appellant. *Kelson v. City of Springfield*, 767 F.2d 651 (9th Cir.1985).

## DISCUSSION

We must determine whether 523(a)(5) authorizes the nondischargeability of non-marital support payments. Section 523(a)(5) provides that a debt is nondischargeable if the debt is owed:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record or property settlement agreement, but not to the extent that (A) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

Niermeyer argues that the phrase "in the nature of support" refers not only to alimony, but to debts in the nature of alimony. Niermeyer claims that this allows the bankruptcy court to take an expansive view of what constitutes support.

Niermeyer also argues that in California under *Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976), there can be a right to non-marital support at the termination of a cohabitation.

Doyle, on the other hand, argues that exceptions to discharge are narrowly construed. Doyle also argues that *Marvin* does not authorize alimony-like support for unmarried persons.

■ Under a long line of cases, the bankruptcy court is obligated to make an independent determination of what constitutes alimony, maintenance or support for purposes of dischargeability. The court is not bound by the label attached by the parties or by a state court. *Stout v. Prussel*, 691 F.2d 859 (9th Cir.1982). We must determine whether the stipulated judgment is the kind of obligation that is nondischargeable under Section 523(a)(5).

■ In making this determination, we can be guided by state law and other pertinent authorities to determine whether the award meets federal standards for alimony. *In re Vogt*, 14 B.R. 743 (Bankr.E.D.Va. 1981). Thus, we must look at *Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976), to determine the status of California law on this issue. In *Marvin*, the parties cohabited for six years, but never married. Ms. Marvin claimed she gave up her career because Mr. Marvin promised to support her. At the termination of the relationship, she wanted one-half of the property acquired during the

relationship. The California Supreme Court held, in footnote 24:

> We do not seek to resurrect the doctrine of common law marriage, which was abolished in California by statute in 1895. [Citations omitted] Thus we do not hold that plaintiff and defendant were "married," nor do we extend to plaintiff the rights which the Family Law Act grants valid or putative spouses; we hold only that she has the same rights to enforce contracts and to assert her equitable interest in property acquired through her efforts as does any other unmarried person.

*Id.* at 684, 134 Cal.App 815, 557 P.2d 106. This implies that any obligation owing to the non-married partner arises from contractual obligations and not from an inherent right to such obligation. It expressly provides that unmarried parties do not have rights under the Family Law Act.

Niermeyer cites footnote 26 in *Marvin* as allowing an award of support. Footnote 26 states:

> We do not pass upon the question whether, in the absence of an express or implied contractual obligation, a party to a nonmarital relationship is entitled to support payments, from the other party after the relationship terminates.

*Id.* at 685, 134 Cal.Rptr. 815, 557 P.2d 106.

A later interpretation of this case by a California Court of Appeals held that this footnote opened the door to support awards in nonmarital relationships, under the appropriate circumstances. *Marvin v. Marvin*, 122 Cal.App.3d 871, 876, 176 Cal.Rptr. 555 (1981). To date, the appropriate circumstances have not been found.

Niermeyer argues her case presents the appropriate circumstances to find that nonmarital support is akin to alimony and therefore nondischargeable. However, we have clear case authority from the California courts which states that nonmarital relationships are not equal to married relationships. In *Estate of Edgett*, 111 Cal. App.3d 230, 168 Cal.Rptr. 686 (1980), a divorced husband and wife lived together for several years prior to the ex-husband's death. The ex-wife tried to claim marital status to avoid taxation on her inheritance. The court said, "[t]he Family Law Act which divides the community property of the husband and wife and provides spousal support does not apply to a nonmarital relationship." *Id.*

Under *Marvin* and *Edgett*, it is clear that the California Courts are not ready to award support to a party in a nonmarital relationship. Thus, there is no authority from the California Courts that suggests we should consider the stipulated judgment in the present case as a support obligation or alimony arising under the Family Law Act.

We now look to federal law to determine if the stipulated judgment can qualify as support for the purposes of exemption from discharge under Section 523(a)(5).

Under existing case law interpreting Section 523(a)(5), there are three requirements for nondischargeability of a debt:

(1) the obligation must actually be for or in the nature of alimony or support; and

(2) it must be payable to the spouse or child; and

(3) it must be in connection with a separation agreement, divorce decree, property settlement agreement or other order of a court of record.

*In re Bell*, 61 B.R. 171, 174–75 (Bankr.S.D. Tex.1986).

We are struck by the fact that Section 523(a)(5) is the only exception to discharge that specifies the entity to whom the obligation is owed, namely, the spouse, former spouse or child of the debtor. All other sections describe only the nature of the nondischargeable liability. Section 523(a)(5), in addition to describing the nature of the obligation, also specifies the entity that can make the claim.

Clearly, that requirement is not met in the present case. Niermeyer is neither the wife nor the child of Doyle. Therefore, her debt does not meet the criteria for exception from discharge.

Niermeyer argues under federal law that Section 523(a)(5) exemptions have been broadened by the courts, and therefore, we should broaden the interpretation to include nonmarital support. It is true that Section 523(a)(5) has been interpreted to include paternity payments to illegitimate children, and other child-related expenses. *In re Balthazor*, 36 B.R. 656 (Bankr.E.D. Wis.1984). However, all of the cases, including *Balthazor*, speak of family duties:

> It is also certain that the public policy considerations behind the Bankruptcy Code in giving the debtor a fresh start does not mean that this should be done at the expense of his familial duties.

*Id.* at 658. When an extension of Section 523(a)(5) is given, the fact situation always involves family duties. In the present situation, the relationship between Niermeyer and Doyle cannot be considered a family relationship, nor is the obligation for the support of wife or family.

It is clear from the cases that alimony arises from the relationship of marriage. It is not based on a business transaction, but it arises from the legal duty of a husband to support a wife. *Norris v. Norris,* 324 F.2d 826 (9th Cir.1963). It is this obligation based on the legal duty that is exempted from discharge in bankruptcy. *In re Shaver,* 40 B.R. 964 (D.Nev.1983). Where there is no legal obligation arising from marriage or parental duties, we should not extend Section 523(a)(5) to exempt the debt from discharge.

The legislature has taken steps to protect the status of marriage. We cannot go beyond the legislature and grant rights and privileges to parties who have not obtained that status. As the *Edgett* court held with regard to California law:

> The facts show the parties had no desire to obtain a valid marriage and were fully aware of its nonexistence; they were content to maintain an unsolemnized relationship and the survivor cannot now complain she failed to receive benefits the Legislature intended for married persons.

*Estate of Edgett,* 111 Cal.App.3d 230, 233, 168 Cal.Rptr. 686 (1980).

The same is true under the bankruptcy code. Congress intended to protect a dependent spouse from the discharge of a support obligation. Niermeyer cannot claim she is entitled to protection given only to persons who have obtained the special status of marriage. Therefore, she cannot state a claim for relief under 11 U.S.C. Section 523(a)(5).

We affirm.