FLAUM, Circuit Judge.
This case involves two appeals. The debtor, Keith Suttles, appeals from the district court’s decision affirming the bankruptcy court’s denial of his discharge. The bankruptcy court found that Keith Suttles had disposed of some of his assets with the intent to defraud creditors. The bankruptcy court based this conclusion on a number of factual findings. We conclude that the district court’s decision that the bankruptcy court did not abuse its discretion in denying Keith Suttles a discharge was not clearly erroneous, and affirm the denial of Keith Suttles’ discharge.
The other appeal is that of Prairie Production Credit Association (PPCA), contesting the bankruptcy court’s grant of a discharge to Marietta Suttles. The bankruptcy court granted Marietta Suttles’ discharge even though it found that she, along with her husband, had failed to satisfactorily explain the loss of their assets as required by 11 U.S.C. § 727(a)(5).[1] The bankruptcy judge concluded: “[T]he record is devoid of facts to show that Marietta Suttles was knowingly involved in any of the transfers or concealments. The mere fact that a wife, who took no part in her husband’s business, signed her name with that of her husband on a joint bankruptcy petition is not enough for so drastic punishment as a denial of discharge.” In re Keith Suttles and Marietta Suttles, Bankr. No. 384-00918, slip op. at 4 (Apr. 3, 1985) (opinion and order). The district court affirmed the grant of a discharge for Marietta Suttles.
On appeal PPCA argues that once the bankruptcy court found a violation of *766 § 727(a)(5), it had no discretion to grant a discharge to Marietta Suttles. We disagree with this proposition.
The general rule is that the right to a discharge is left to the sound discretion of the bankruptcy court, Stout v. Prussel, 691 F.2d 859, 861 (9th Cir.1982), and that an appellate court will not interfere with the decision of a bankruptcy court to grant a discharge unless there is a “gross abuse of discretion,” Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir.1984). We hold that the district court was correct in concluding that the bankruptcy court was well within its discretion to grant Marietta Suttles a discharge. See Matter of Borron, 29 B.R. 122, 128 (W.D.Mo.1983).
We have stated that the Bankruptcy Code was meant to discharge only an honest debtor from his or her debts, Matter of Garman, 643 F.2d 1252, 1257 (7th Cir.1980), cert. denied, 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981), and that the Code “should be liberally applied to protect the [debtor] only in those cases where there is no intent to violate its provisions,” id. (emphasis added). This language in Garman is consistent with our holding that the bankruptcy court did not abuse its discretion in granting Marietta Suttles a discharge.
The bankruptcy court concluded that Marietta Suttles’ failure to keep satisfactory records was an honest mistake, and that she did not intend to violate the Bankruptcy Code. Section 727(a)(5) does not require fraudulent intent, as do some other subsections of § 727, see Collier on Bankruptcy, ¶ 727.08 at 727-22 (1986).[2] Because the bankruptcy court found that Marietta Suttles’ violation of § 727(a)(5) was an innocent one, it therefore did not abuse its discretion in granting her a discharge.
Based upon this record, we cannot conclude that the bankruptcy court abused its discretion in denying Keith Suttles a discharge, and in granting a discharge to Marietta Suttles. Therefore, the judgment of the district court is
Affirmed.

. Section 727(a)(5) provides that:
(a) The court shall grant the debtor a discharge, unless—
(5) the debtor has failed to explain satisfactorily before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debt- or’s liabilities.
11 U.S.C. § 727(a)(5) (1982).

. This case does not require this court to decide whether the bankruptcy court’s discretion to grant a discharge under a subsection of § 727 that requires fraudulent intent is as broad. Our holding is only that a debtor may violate § 727(a)(5), which has no fraudulent intent requirement, and still receive a discharge.