**In re Harold R. MAGEE Debtor.**

**Shirley A. EXCELL and Alexander Excell and Nathaniel Excell Plaintiffs,**

v.

**Harold R. MAGEE Defendant.**

**Bankruptcy No. 87–4750–BKC–8P7. Adv. No. 87–0477.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 3, 1989.

Kass, Hodges & Massari, Tampa, Fla., for plaintiffs.

Stichter & Riedel, Tampa, Fla., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability, vel non, of a debt represent-

ed by a final judgment entered by the Circuit Court of Cook County, Illinois, County Department—Chancery Division in favor of Shirley A. Excell, Douglas Nathaniel Excell, a minor, and Mitchell Alexander Excell, a minor, against Harold R. Magee, the Debtor involved in this Chapter 7 case. The final judgment was entered on a Complaint consisting of four counts and was entered on February 7, 1986 in the amount of $66,007.34.

The matter is presented for this Court's consideration by a Motion for Summary Judgment filed by the Defendant who contends that there are no genuine issues of material fact and the Defendant is entitled as a matter of law to a decision that the liability based on the final judgment is not within the exceptive provisions of § 523(a)(5) of the Bankruptcy Code and, therefore, it is a dischargeable obligation.

The record reveals the following facts which are without dispute:

On September 3, 1981, Shirley Ann Excell (Ms. Excell), Douglas Excell, a Minor, by Shirley Excell, his next friend and mother, and Mitchell Excell, a Minor, by Shirley Excell, his next friend and mother, filed a Complaint for Specific Performance and Other Relief in the Circuit Court of Cook County, Illinois. In Count I, she alleged that she gave birth to a child, Douglas Excell, on September 26, 1961, and a child known as Mitchell Excell, on July 4, 1963 and that both children were the illegimate offsprings of the Defendant, Harold R. Magee (Debtor).

On February 20, 1964, Ms. Excell and the Debtor entered into an agreement pursuant to which the Debtor agreed to pay to Ms. Excell for the support and maintenance of the two children, $60 per week per child and that he would pay all extraordinary medical, surgical, and dental expenses incurred by the children.

The claim set forth in Count II of the Complaint alleged that pursuant to the agreement entered into on February 20, 1964, the Debtor agreed, in addition to the previous undertaking, to pay all reasonable educational costs incurred by each child until they reached the age of 21; and that

the Debtor would procure and keep valid term life insurance policy in the principal amount of $20,000, designating the children as sole beneficiaries. In addition, Ms. Excell further alleged, in Count II, that in reliance on these promises, she agreed to discontinue a paternity suit filed by her against the Debtor; that she made repeated demands on the Debtor to perform his duties under the agreement; that he failed and neglected to perform his obligation to make the required weekly payments; failed to pay the extraordinary medical, surgical, and dental expenses for the children; failed to pay the reasonable education costs for the children; failed to keep in force over the term of the agreement a life insurance policy in the principal amount of $20,000 with the children as sole beneficiaries. Ms. Excell further alleged that because of the Debtor's failure to perform his obligations, she was caused to pay the cost to meet the entire educational expenses of the children and all costs of extraordinary medical, surgical, and dental care for the children. She requested an accounting from the Debtor and a judgment for such sums as were then due and owing, with interest. In addition to the foregoing, she also alleged other matters not relevant to the issue before this Court.

It further appears that on February 7, 1986, the Circuit Court of Cook County, Illinois, Chancery Division, entered an Order which contained specific findings of fact, inter alia, that the Debtor is the biological father of both Mitchell Excell and Douglas Nathaniel Excell; that he has a legal obligation to support these children; that the Debtor is in arrears for the child support of Mitchell and Douglas for the period of February, 1964 up to and including the end of 1967 in the total amount of $3,980; that he is also indebted for past due child support to Mitchell Alexander Excell for the period commencing January 1, 1968, up to and including September, 1982, in the sum of $22,950 and for past due child support for Douglas Nathaniel Excell for the period commencing January 1, 1968, up to and including July, 1984, in the amount of $25,860. The Court also found and held that the expenses paid in the college education of Mitchell Alexander

Excell and Douglas Nathaniel Excell amount to $9,934.67 and the remaining debts incident to college expenses amount to $16,500 for a total of $26,434.67. Based on the foregoing findings, the Court entered a judgment in favor of Ms. Excell and against the Debtor for child support arrearage and educational expenses of Mitchell Alexander Excell and Douglas Nathaniel Excell in the total sum of $66,007.34.

In opposing the Motion for Summary Judgment, it is the contention of the Debtor that inasmuch as the judgment was awarded in favor of Ms. Excell who was not and is not an ex-spouse of the Debtor, the obligation represented by the judgment is a dischargeable obligation. This contention, is in turn based on the literal language of § 523(a)(5) which provides as follows:

Sec. 523. Exceptions to discharge.

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a *spouse, former spouse,* or child of the debtor, for alimony to, maintenance for, or support of such *spouse* or child, in connection with a separation agreement, divorce [decree] or other order of a court of record ... (emphasis supplied)

Based on this section, the Debtor contends that in light of the fact that the judgment was not awarded to a spouse, the obligation is a dischargeable obligation citing *In re James P. Doyle,* 70 B.R. 106 (9th Cir. BAP 1986). *Doyle* involved a suit by a creditor who was entitled to non-marital support from a Debtor under a judgment entered in a palimony case and sought a determination by the Bankruptcy Court that the Debtor's liability was not a dischargeable debt. The Bankruptcy Appellate Panel affirmed the dismissal of her claim of non-dischargeability stating that where there is no legal obligation arising from a marriage or palimony duties, the exceptive provisions of § 523(a)(5) should not be extended. In support of its conclusion, the Bankruptcy Appellate Panel noted that Congress intended to protect a dependent spouse and children of a Debtor by creating the exception to discharge through the enactment of § 523(a)(5) of the Bankruptcy Code. It is clear from *Doyle* that it furnishes scant if any support for the proposition urged by the Debtor. In support of the additional argument that inasmuch as the judgment was entered in favor of a non-spouse the claim of non-dischargeability cannot be sustained, the Debtor cites *Matter of Coverdale,* 65 B.R. 126 (Bkrtcy. M.D.Fla.1986) and *Matter of Norton,* 65 B.R. 140 (Bkrtcy.M.D.Fla.1986). The obligation involved in *Norton* was held to be a property settlement. The divorce decree provided that the Debtor was to pay to the former wife a lump sum of $25,000 and monthly installments of $300. In that particular case, the property settlement which was incorporated by the final decree of divorce made no mention of any alimony provisions for the wife but indicated it was an award to compensate the spouse for loss of her equity in a condominium and the obligation of the Debtor was to continue without regard of the change in the ex-wife's financial circumstances or by her death or by remarriage. Based on the foregoing, this Court concluded that this provision was in fact a property settlement and not in the nature of maintenance or support of the ex-spouse and, therefore, was a non-dischargeable obligation. In *Coverdale,* the former wife was required to make payments to Sears, Roebuck & Co. on an obligation arising from the purchase of certain goods which may or may not have been awarded to her or which may or may not be necessary for her maintenance and support. For this reason, this obligation was declared dischargeable unlike the mortgage payment on the marital home which was awarded to her which was declared to be a non-dischargeable obligation. Based on the foregoing, neither *Norton* nor *Coverdale* supports the proposition urged by the Debtor.

In the present instance, there is hardly any question that the debt represented by the judgment represented unpaid obligations agreed upon by the Debtor for the support of the two children. The fact that the judgment is payable to Ms. Excell who was not and is not the former spouse of the Debtor is a distinction without difference. A narrow technical reading of § 523(a)(5) would clearly defeat the announced con-

gressional purpose which was to assure that legal obligations arising from parental duties should not be dischargeable. *In re Doyle, supra.*

Having concluded that there are no disputed material facts, this Court is satisfied that the Plaintiff is entitled to a resolution of the sole issue that is the non-dischargeability of the obligation represented by the judgment in her favor as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, granted and the final judgment in the amount of $66,007.34 be, and the same is hereby, declared to be non-dischargeable.

A separate final judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.