In re Harold R. MAGEE, Debtor.

Harold R. MAGEE, Appellant,

v.

Shirley A. EXCELL and Alexander
Excell and Nathaniel Excell,
Appellees.

No. 89–622–CIV–T–17B.

Bankruptcy No. 87–0477–8P7.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 26, 1990.

C. Kathryn Preston, Cindy L. Turner,
Stichter & Riedel, P.A., Tampa, Fla., for
appellant.

Charles M. Tatelbaum, Larry Foyle,
Kass, Hodges and Massari, Tampa, Fla.,
for appellees.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the court on appeal
from Final Judgment on Case No. 80–79,
entered March 14, 1989, by Chief Bankrupt-
cy Judge Alexander L. Paskay. 98 B.R. 62.

ISSUES:

I. Whether the Bankruptcy Court was
correct in ruling that the debt, claimed by
the appellees, was nondischargeable.

II. Whether the Bankruptcy Court was
correct as a matter of law in granting
summary judgment in favor of the appel-
lees.

III. Whether the Bankruptcy Court was
correct in entering a summary judgment
for the liquidated amount of the claimed
liability.

STANDARDS OF APPELLATE REVIEW

The applicable standards of appellate re-
view are as follows: "The burden is
squarely on the appellant to show the ap-
pellate court that a finding is clearly erro-
neous," *Griffin v Missouri Pacific Rail-
way Co.*, 413 F.2d 9, 12 (5th Cir.1969),
Bankruptcy Rule 8013. Furthermore, the
reversal of a finding is proper only when
"although there is evidence to support it,
the reviewing court on the entire evidence
is left with the definite and firm conviction
that a mistake has been committed."
*United States v. United States Gypsum
Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92
L.Ed. 746 (1948); *Inter–Cities Navigation
Corp. v. United States*, 608 F.2d 1079, 1082
(5th Cir.1979); *Matter of Multiponics, Inc.*,
622 F.2d 709, 713 (5th Cir.1980). Appellant
is entitled to an independent *de novo* re-
view of all conclusions of law and the legal
significance accorded to the facts. How-
ever, Bankruptcy Rule 8013 states that
"due regard shall be given to the opportu-
nity of the bankruptcy court to judge the
credibility of the witnesses."

This Court has carefully reviewed the
Final Judgment Order of Judge Paskay, as

well as the briefs of both parties. Under the standards quoted above, the Court finds that the findings of fact contained within the order are not clearly erroneous. The Court also finds that the conclusions of law contained in Judge Paskay's order are sound. Accordingly, this Court *affirms* the ruling of the Bankruptcy Court.

DISCUSSION

### I.

■ The first matter for discussion is whether the Bankruptcy Court was correct in ruling the debt claimed by the appellees was nondischargeable. The debt in question is represented by a final judgment order entered by the Circuit Court of Cook County Illinois in favor of the appellee, Mrs. Excell. The Chancery division of the Illinois court specifically found that the Debtor, Harold R. Magee, is the biological father of both Alexander Excell and Nathaniel Excell and that he has a legal obligation to support these children.

Appellant's primary contention is that the Cook County judgment may not be excepted from discharge under section 523(a)(5) of the Bankruptcy Code because Mrs. Excell is not the appellant's spouse, former spouse or child. Section 523(a)(5) provides that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement ...

Appellant's argument that the debt does not come under the confines of 523(a)(5) because the debt was not owed "to a *spouse, former spouse* or child of a debtor, for alimony to, maintenance for, or support of such *spouse* or child, in connection with a separation agreement, divorce [decree] or other order of a court of record ... (emphasis added)" is without merit.

Although a literal reading of the above quoted section would appear to preclude a debt represented by a final judgment to Mrs. Excell from being excepted from discharge, such a result would frustrate the congressional intent behind Section 523(a)(5) of the Bankruptcy Code. Clearly, by its enactment of this section, Congress intended to protect the debts owed to, and for, all dependent children of the debtor, whether legitimate or illegitimate. Debts arising from the promise of a debtor to support his children may not be avoided merely because those debts are represented by a final judgment in favor of a non-spouse mother. Whether the debt is dischargeable in bankruptcy is determined by the nature of the obligation, not by its form.

"What constitutes alimony, maintenance, or support will be determined under the bankruptcy laws not state law." *In re Harrell* 754 F.2d 902, 905 (11th Cir.1985) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977) U.S. Code Cong. & Admin. News 1978, 5787, 6320). Furthermore, bankruptcy courts must look to the substance of the award rather than to state law labels. *Erspan v. Badgett,* 647 F.2d 550, 554 (5th Cir.1981). The Bankruptcy Court properly determined that the debt represented by the Cook County judgment represents unpaid obligations for the support of the debtor's two children, and as such, those obligations are nondischargeable.

### II.

As to the second issue, this Court affirms the Bankruptcy Court's decision to grant summary judgment in favor of the appellees as a matter of law. Bankruptcy Rule 7056 adopts Rule 56 of the Federal Rules of Civil Procedure and allows the trial court to enter a summary judgment "[If] the pleadings, depositions, answers to interrogatories, and the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In accordance with the above rule, the Bankruptcy Court properly determined that

the defendant below raised no disputed facts necessary for a determination of the case. All of the facts necessary for a determination by the Bankruptcy Court were contained in the record of the Cook County proceedings. None of the facts in that record were in dispute at the time they were brought before the Bankruptcy Court. Therefore, the Bankruptcy Court properly determined that the plaintiff was entitled to a judgment as a matter of law.

### III.

■ The final issue for discussion is whether the Bankruptcy Court was correct in entering a summary judgment for the liquidated amount of the claimed liability. Appellant contends that the bankruptcy court is not free to establish the amount of the obligation claimed by the appellee but may only determine the nature of such claim. However, what appellant fails to realize is that by determining the Cook County Illinois judgment is nondischargeable in nature, the Bankruptcy Court merely reaffirms the amount of the previous judgment. There is no evidence to suggest that the appellant ever disputed the *amount* in question during the Illinois proceedings which is when the issue was settled. Therefore, since the amount of the obligation was already determined by another court, the Bankruptcy Court correctly denied the dischargeability of the debt in the predetermined amount.

This Court, having carefully considered the issues on appeal, and based on the foregoing, concludes that the Bankruptcy Court did not err in its decision. Accordingly, it is

*ORDERED* that the Final Judgment in Case No. 87–4750–8P7, filed March 14, 1989, be *Affirmed.* The Clerk of the Court is directed to enter judgment for Appellee in accordance with this Order, and dismiss the case.

*DONE and ORDERED.*