**Paul F. THOMPSON, Petitioner,**

v.

**Fred CRAWFORD, et al., Respondents.**

**No. 86–1711–CIV.**

United States District Court,
S.D. Florida.

April 1, 1987.

Mary Catherine Bonner, Ft. Lauderdale, Fla., Neil H. Jaffee, Washington, D.C., for petitioner.

Arthur Joel Berger, Asst. State Atty., Julie Thornton, Asst. Atty. Gen., Miami, Fla., for respondents.

**ORDER DENYING MOTION TO
QUASH AND GRANTING
LIMITED PROTECTIVE ORDER**

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises upon the motions of the Honorable Judge Mario Goderich and the Respondents, Fred Crawford and the

Honorable Judge Ronald Friedman, regarding the taking of Judge Goderich's deposition in the above styled cause. The Petitioner has responded to both motions.

The Order of March 9, 1987 allows for limited discovery to be conducted, such discovery confined to the issues directly related to the double jeopardy claim. Thus, an Order granting Petitioner's request for discovery, as modified by the Court, has been entered. Petitioner's argument that an Order, as authorized by Rule 6, Section 2254 of the Habeas Corpus rules, is unnecessary in the instant case requires the Court's attention. 28 U.S.C. § 2254, Rule 6.

■ In making this assertion, Petitioner argues that his habeas corpus petition is brought pursuant to 28 U.S.C. § 2241, and thus, should not be governed by Section 2254 or the procedural rules promulgated thereunder. This position evidences serious confusion as to the workings of federal habeas corpus law. The writ of habeas corpus is the exclusive remedy for a state prisoner who is seeking immediate release from imprisonment. *Eskridge v. Casson,* 471 F.Supp. 98 (D.Del.1979). The writ is statutorily embodied in Chapter 153 of Title 28 of the United States Code. 28 U.S.C. § 2241–2255. This Chapter, entitled Habeas Corpus, consists of several sections, all of which may be applicable to any habeas petition, dependent upon the particular circumstances of the case. Section 2254, for example, comes into play where an application for writ of habeas corpus is filed on behalf of an individual in state custody. 28 U.S.C. § 2254. Section 2241, on the other hand, is the provision granting the courts of the United States the power to grant the writ of habeas corpus. 28 U.S.C. 2241. A petitioner cannot elect to proceed solely under Section 2241.

■ The Petitioner's attempt to avoid a substantial portion of federal habeas law that is directly applicable to the instant petition must fail. A state prisoner, like the petitioner, who challenges the constitutionality of his detainment is clearly covered by § 2254. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Accordingly, the Petitioner shall comply with the provisions of Section 2254, the rules promulgated thereunder, and the applicable case law.

■ Respondents argue the scheduled deposition of Judge Goderich should be quashed as the Petitioner failed to give at least five working days notice to all parties to the action, as required by the local and federal rules. S.D.L.R. 10(I)(8); Fed.R. Civ.P. 30(b). The parties have reached an agreement to postpone the deposition until resolution of its propriety, thus, the issue of service according to the applicable rules is moot as to the previously scheduled deposition date. However, the parties are directed to proceed with all discovery in careful accord with the rules of the district.

■ The remaining issue is whether the deposition of Judge Goderich is proper. Respondents argue that the purpose of the deposition is to delve into the Judge's mental processes and his opinions as to the legal authority regarding the judicial determinations he made on December 12, 1980. It is a firmly established rule that a judge may not be asked to testify about his mental processes in reaching a judicial decision. *Washington v. Strickland,* 693 F.2d 1243, 1262 (5th Cir.1982). However, a court can properly consider the testimony of a judge regarding his personal knowledge of basic, historical facts relevant to the petitioner's claim. *Id.* Accordingly, this Court will not grant a protective order that completely prevents the deposition of Judge Goderich. However, the scope of inquiry shall be limited to permissible questions of basic, historical fact and shall not, under any circumstances, delve into the mental processes and reasoning of the Judge in making his decisions on December 12, 1980.

Accordingly, after a careful review of the record, and the Court otherwise being fully advised in the premises, it is:

ORDERED and ADJUDGED that the motion for protective order be GRANTED, in part, as specified above. The motion to quash is DENIED as it is moot. The Petitioner is instructed to follow all applicable rules of procedure in conducting further

discovery, as well as the law as set forth in 28 U.S.C. § 2254.