**In re Stanley E. FAHLAND, Debtor,**

**David P. SENKEL, Plaintiff,**

**v.**

**Stanley E. FAHLAND, Defendant.**

**Bankruptcy No. 89–03236–BKC–JJB.**
**Adv. No. 89–0301–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 8, 1990.

A. Thomas DeWoskin, St. Louis, Mo., Trustee.

Gregory K. Laughlin, Hillsboro, Mo., for plaintiff.

Joseph P. Cunningham, III, Crystal City, Mo., for debtor.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The trial of this matter was conducted on February 5, 1990. The parties appeared by counsel and presented oral argument upon the record. Upon consideration of the oral argument, the parties' memoranda of law, and the record as a whole, the Court announced its findings and conclusions and orders from the bench.

■ This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I), in that it requests a determination of the dischargeability of a debt. An obligation can in fact be a nondischargeable debt pursuant to 11 U.S.C. Section 523(a)(5), even though it is based upon an award to someone other than a nondebtor former spouse, if the award is for the benefit of the nondebtor former spouse or children, and the Bankruptcy Court determines that the award is for maintenance, alimony or support pursuant to Section 523(a)(5).

In the case being considered here, the award to the attorney for the non-debtor former spouse is not designated as maintenance, alimony or support. The decree of dissolution provides at paragraph 11 that the State Court found that the parties are self-sufficient and no maintenance was awarded from one to another. At paragraph 13 of the dissolution decree, the State Court found

> ... that petitioner (the Debtor here) is well able to provide for the child's support and is entitled to generous time of visitation and temporary custody as hereinafter provided, and the Court will also direct petitioner to make a contribution

to respondent's attorney fees. (Parentheses added).

The controlling law in the determination of dischargeability of debts is the Federal Bankruptcy law. *See generally, In re Williams*, 703 F.2d 1055 (8th Cir. 1983).

Notwithstanding the provisions of a dissolution decree to the contrary, the Bankruptcy Court's application of Federal law may result in a determination that a particular award is actually an award of maintenance, alimony or support, and therefore, not dischargeable pursuant to Section 523(a)(5).

In making this determination, the Bankruptcy Court may consider the circumstances of the dissolution proceeding and the intention of the parties and the intention of the State Court at the time of the entry of the decree. *See, In re Coffman*, 52 B.R. 667, 674–675 (Bankr.D. Maryland, 1985). This determination then becomes a mixed question of law and fact.

The Plaintiff in this case has presented an affidavit from the State Court Judge whose order became the decree of dissolution. The affidavit states as follows at paragraph 5:

> 5. In making such order, I intended to provide support to Candace L. Fahland by allocating a portion of her attorney fees, for which she would otherwise be solely responsible, to Stanley E. Fahland, thus relieving Candace L. Fahland of a portion of the burden for such fees. I did not intend the award of attorney fees to be a division of marital property or allocation of marital debt.

The stated intention of the State Court is supported by paragraph 13 of the dissolution decree, and has not been refuted or challenged in this record. Therefore, the Court finds and concludes that the dissolution decree award to this Plaintiff was not a debt which was assigned to another entity, and is not an exception to the exception to discharge as set out at Section 523(a)(5)(A). The Court further finds and concludes that the award was intended to be an award of support to the Debtor's nondebtor former spouse. By separate order, judgement is entered in favor of the Plaintiff, and the debt is determined to be not dischargeable in this case.