**In re Mark Ivan MONTGOMERY, Debtor.**

**Hope C. MONTGOMERY, Plaintiff,**

**v.**

**Mark Ivan MONTGOMERY, Defendant.**

**Bankruptcy No. 90–50483.**
**Adv. No. 91–4059.**

United States Bankruptcy Court,
W.D. Missouri.

June 20, 1991.

Timothy C. Pittman, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for plaintiff.

Barbara Williams, Kansas City, Mo., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This case concerns the dischargeability of debtor-husband's obligation to his ex-spouse. Plaintiff and the debtor were divorced in October 1989. The dissolution decree provided that neither party would pay maintenance to the other. At the time of the divorce, the parties owned a house located in Kansas City, Missouri. That house had equity of approximately $7,000.00 over and above the mortgage. Prior to the divorce, Mrs. Montgomery took the couple's children and moved to St. Louis to be with her relatives. Under the decree, Mr. Montgomery retained the house and agreed to pay her $3,500, representing one-half of the equity in the house, on or before March 18, 1991. Mrs. Montgomery was given a judgment against the debtor in that amount, such judgment subject to a stay of execution until that date.

Debtor filed his Chapter 7 petition on November 18, 1990.

In addition, as part of the decree, Mr. Montgomery agreed to assume certain joint debts and to indemnify and hold Plaintiff harmless from any liability with respect to those obligations. The debts involved, which are listed on debtor's schedules as being still outstanding, are those due Stanley B. Kimball, who is Mrs. Montgomery's father ($3,500), and Security Pacific ($12,-310.39). Additional interest may also be due such creditors. Mr. Montgomery has in this bankruptcy proceeding has been discharged of his obligation with respect to these joints debts. Nevertheless, Plaintiff seeks to have his obligation to her, in connection with the hold harmless agreement, held to be non-dischargeable. Thus, to the extent Plaintiff pays those joint obligations, she is asking that her right to recover any such payments from the debtor be held to be a non-dischargeable obligation.

In support of her contention that the hold harmless obligations are non-dischargeable, Plaintiff testified that the debtor advised her that in lieu of her demanding maintenance as part of the decree, he would agree to pay such obligations. She stated that it was only based upon that representation that she agreed to waive any claim she may have had for maintenance. The debtor testified that maintenance was never discussed. The debtor is paying child support to her in the amount of $1,242.00 per month. Such payments were current as of the time of trial. There is no dispute that the child support obligations are non-dischargeable.

The issues to be decided in this adversary proceeding can be listed as follows:

1. As to the $3,500 claim owing to Plaintiff, is such claim a post-petition obligation which is therefore not dischargeable in bankruptcy? If not, does such debt constitute a dischargeable property settlement obligation or should it be treated as maintenance and, therefore, non-dischargeable? And finally, if such obligation is not a post-petition obligation, and is not maintenance, can the Court impose an equitable

lien on the debtor's homestead by virtue of a judgment having been entered in favor of the Plaintiff prior to the filing of the bankruptcy petition?

2. As to the debtor's agreement to indemnify and hold harmless the Plaintiff from the other listed obligations, should such agreement be characterized as part of the property settlement between the parties, or as non-dischargeable maintenance?

3. Finally, a general issue. Plaintiff contends that even if defendant prevails on the above issues, his obligations to her under the decree should be held to be non-dischargeable because such debts were incurred by the debtor knowing that he did not have the income with which to repay such obligations and that, therefore, his agreement to pay such debts is a non-dischargeable debt "for money, property, services, or an extension, renewal, or refinancing of credit ... obtained by false pretenses, or false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

■ Despite the number of questions raised in the first issue, it is essentially resolved by the recently decided case of *Farrey v. Sanderfoot,* — U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), and the Eighth Circuit's decision in *Bush v. Taylor,* 912 F.2d 989 (8th Cir.1990). In *Sanderfoot,* the Supreme Court concluded that a judgment lien that arose from a Wisconsin divorce and dissolution decree had attached to the debtor's homestead, and as such could not be avoided under the provisions of 11 U.S.C. § 522(f). In addition, the judgment at issue in *Sanderfoot* represented a property settlement between the debtor and his ex-spouse.

Thus, in the present matter, Plaintiff was awarded $3,500 as a property settlement for her half of the equity on the house, and judgement was entered on this amount, like that which occurred in *Sanderfoot.* Pursuant to Mo.Rev.Stat. § 511.350, this judgment represents a lien on debtor's real estate. Thus, the *Sanderfoot* decision requires a finding that does not permit an avoidance of the lien.

■ In addition, the facts of this case place it within the precedent of *Bush v. Taylor.* There, the dispute centered around the entitlement to pension benefits. Prior to the dispute entering the bankruptcy court's jurisdiction, the debtor's ex-spouse obtained a state court judgment, in which debtor was to pay his ex-wife her share in the pension for the rest of his life. The ex-wife agreed to refrain from taking any action to execute upon the judgment provided that payments were forthcoming. As part of its holding in favor of the ex-wife, the Eighth Circuit held that these payments were not yet due and payable, and were therefore nondischargeable post-petition obligations. *Bush,* 912 F.2d at 991.

Under the unique circumstances of this case, Plaintiff's $3,500 obligation is the same as the post-petition obligation in *Bush.* As part of a resolution of a divorce action, Plaintiff obtained a judgment that was not payable until March, 1991, and further agreed to refrain from executing upon this judgment. Debtor filed his Chapter 7 petition in November, 1990. Thus, the Plaintiff's obligation arising out of a divorce settlement was not yet due and payable, as was the case in *Bush.* Furthermore, like the *Bush* facts, Plaintiff had agreed not to execute upon the judgment. Thus, under the limited holding of *Bush,* the $3,500 judgment is not dischargeable.

As such, Plaintiff's claim for $3,500 is to remain a lien on the property, and is non-dischargeable.

■ With respect to the second issue, the characterization given a divorce award in state court is given some deference by the Bankruptcy Court, but the determination of dischargeability is made under a federal standard. *In re Williams,* 703 F.2d 1055 (8th Cir.1983). The Bankruptcy Court is not bound to the labels placed upon settlements in state court, but rather looks at the parties' intent and circumstances at the time of the award. *In re Fahland,* 110 B.R. 431 (Bankr.E.D.Mo. 1990) (B.J. Barta). Typically, the determination of dischargeability is dependent upon:

1) examination of the marital settlement agreement in light of the surrounding circumstances;

2) consideration of financial circumstances at the time of the award; and

3) consideration of the function to be served by imposing the obligation at the time of the award.

*In re Schuman*, Adv.Case No. 90–4181–2 (Bankr.W.D.Mo., January 14, 1991) (B.J. Koger). In cases where the facts and circumstances so indicate, hold harmless clauses have been found to be nondischargeable. *In re Maitlen*, 658 F.2d 466 (7th Cir.1981); *Stout v. Prussel*, 691 F.2d 859 (9th Cir.1982).

In this case, however, the hold harmless clause does not fall in the category of a nondischargeable maintenance award. Given the *Schuman* factors, the Court concludes that the hold harmless agreement in the Marital Settlement and Separation Agreement is in the nature of a property settlement, and therefore, not dischargeable. Supporting this conclusion is the evidence of the parties' income, the property awarded and debts assumed, and the statement in the decree stating that the award was not made for maintenance but for settlement purposes.

█ Finally, with respect to the last issue, Plaintiff seeks to have the contingent liability represented by the hold harmless clause given by her ex-spouse rendered nondischargeable, based upon a finding of actual fraud, false representation, or false pretenses under 11 U.S.C. § 523(a)(2)(A). The debt at issue is again the contingent liability that Plaintiff holds against debtor in the event he fails to satisfy debts pursuant to the hold harmless clause.

█ The frauds referred to in this section are those which in fact involve moral turpitude or intentional wrong. 3 *Collier on Bankruptcy*, ¶ 523.08, at 523–43 (15th ed. 1987). Fraudulent intent may be inferred from the circumstances surrounding the false representation. *In re Van Horne*, 823 F.2d 1285 (8th Cir.1987). The objecting creditor under § 523(a)(2)(A) must show that the debtor knowingly made a false representation with the intent to defraud, which the creditor relied upon, and which proximately caused the injury to the creditor. *In re Van Horne*, 823 F.2d at 1287.

In this particular case, proof of several of these elements is lacking or insufficient. The element that is completely absent in Plaintiff's case is the proof of injury. At the time of the divorce decree, the indebtedness to third-party creditors was owing by both debtor and Plaintiff. The divorce decree did not and could not release Plaintiff from these obligations, since they were joint obligations incurred during the course of the marriage. Plaintiff was liable to the outside creditors at the time of the decree. The injury that Plaintiff presently claims is that debtor "assumed" these debts but did not at the time have the ability to pay them and therefore, Plaintiff may now be forced to pay these debts. However, debtor has always been liable on these debts, as has Plaintiff, regardless of the purported "assumption" in the settlement agreement. Thus, Plaintiff has always been subject to the liability to creditors, and thus, has not suffered any injury as the result of the hold harmless provisions.

In summary, the Court concludes that debtor's obligation to Plaintiff in the amount of $3,500.00 is nondischargeable and shall remain a lien on the homestead of debtor. The Court further concludes that all other obligations of debtor to Plaintiff are dischargeable. The foregoing shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52. The Clerk of Court is directed to enter judgment consistent with these findings and conclusions.

IT IS SO ORDERED.