**In re Lon S. ROGERS d/b/a Creve Coeur Animal Hospital, Debtor.**

**Barbara S. ROGERS, Plaintiff,**

v.

**Lon S. ROGERS, Defendant.**

**Bankruptcy No. 91–40703–172.**
**Adv. No. 91–4113–172.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Sept. 24, 1991.

Charles W. Riske, Clayton, Mo., for debtor/defendant.

Richard H. Edwards, Michael R. Young, St. Louis, Mo., for plaintiff.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matters being considered here are the Defendant/Debtor's Motion and Supporting Memorandum requesting a Protective Order, and his Motion In Limine prohibiting discovery and the introduction into evidence of any testimony adduced from or derived through the deposition of the Honorable Robert D. McAllister, Associate Circuit Judge, St. Louis County, Missouri. The motions are intended to preclude the Plaintiff from deposing Judge McAllister with respect to his intent as trial judge regarding portions of a decree of dissolution he entered on or about July 21, 1989. The Plaintiff has filed a Memorandum in opposition to the Defendant's requests. This Order is based upon a consideration of the record as a whole.

The Plaintiff's two count Adversary Complaint requests a determination of dischargeability concerning certain awards in the dissolution decree pursuant to 11 U.S.C. § 523(a)(5), and a denial of discharge pursuant to 11 U.S.C. § 727(a).

■ The controlling law in the determination of dischargeability of debts is the Federal Bankruptcy law. *See generally In re Williams,* 703 F.2d 1055 (8th Cir.1983). In making this determination, the Bankruptcy Court may consider the circumstances of the dissolution proceeding, the intention of the parties and the intention of

**848**

the State Court at the time of the entry of the decree. *In re Coffman*, 52 B.R. 667, 674–675 (Bankr.D.Maryland, 1985). None of these considerations however are necessarily or singularly critical to the Bankruptcy Court's determination.

 The dissolution proceeding was fully litigated in the St. Louis County Circuit Court. The Defendant/Debtor has stated in his motion that the Plaintiff's appeal of the Circuit Court Order was unsuccessful. In these circumstances, when the Findings and Conclusions and Orders of a trial court are embodied within the written documents and orders entered in a contested matter, the compelled deposition or subpoenaed testimony of the trial judge is inappropriate and unnecessary. *See,* habeas corpus proceedings: *Thompson v. Crawford,* 656 F.Supp. 1183, 1184 (S.D.Fla.1987); *Washington v. Strickland,* 693 F.2d 1243, 1263 (5th Cir.1982). The Plaintiff has not suggested any statutory authority for her contention that a sitting judge should be compelled to submit to direct and cross examination concerning his or her thought processes or intentions which may have been the basis for a determination of the issues in a contested matter. Consistent with the jurisprudential rule set out in *Thompson* and *Washington, supra,* the Defendant/Debtor's Motion For a Protective Order will be granted in part.

 Subject to rules of evidence and procedure, the voluntary testimony of a witness is normally admissible in an adversary proceeding before the Bankruptcy Court. In *Senkel v. Fahland,* 110 B.R. 431 (Bankr. E.D.Mo.1990), the voluntary affidavit of a State Court Trial Judge was admitted on behalf of the Plaintiff/Senkel's contention that a certain obligation in a dissolution decree was intended to provide support to the Plaintiff. Therefore,

IT IS ORDERED that the Motion of the Defendant/Debtor for a Protective Order is GRANTED IN PART in that the Plaintiff is prohibited in this matter from deposing or otherwise conducting discovery of or from the Honorable Robert D. McAllister concerning the Findings and Conclusions and Orders in the dissolution proceeding between these parties.

IT IS FURTHER ORDERED that the Defendant/Debtor's Motion In Limine to prohibit the introduction into evidence of the voluntary testimony of the Honorable Robert D. McAllister by means of an affidavit is DENIED.

IT IS FURTHER ORDERED that this matter is continued and rest to *November 18, 1991 at 10:30 a.m. before the Honorable William A. Hill, U.S. Bankruptcy Judge,* for *TRIAL* in a St. Louis Courtroom to be designated at a later date.